453 So.2d 226 (1984)
Walter Lee JONES, Appellant,
v.
STATE of Florida, Appellee.
No. 83-1609.
District Court of Appeal of Florida, Fifth District.
July 26, 1984.
Jack T. Bridges, of Cleveland & Bridges, Sanford, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Mark C. Menser, Asst. Atty. Gen., Daytona Beach, for appellee.
ORFINGER, Judge.
Jones appeals from a judgment of conviction for the crimes of filing a false and fraudulent insurance claim and grand theft. We affirm.
Only one issue warrants discussion. Jones contends that the trial court erred in not permitting the insurance adjuster to testify about a favorable polygraph examination administered to defendant at the insurance company's request. Appellant contends that his due process rights were violated because the test results were exculpatory, so excluding the evidence denied him a fair trial.
*227 The State contends that even if otherwise admissible, because the polygraph operator was not called as a witness, any testimony of the insurance adjuster concerning the test results would be inadmissible hearsay. Without reaching the hearsay issue, it is clear that the trial court correctly ruled that the polygraph evidence was inadmissible.
In support of his argument, appellant cites to Newton v. State, 178 So.2d 341 (Fla. 2d DCA 1965), in which the court stated the general proposition that a state prosecutor "has no right or duty to conceal or suppress evidence favorable to an accused ..." Id. at 344. Appellant also looks to Goldberg v. State, 351 So.2d 332 (Fla. 1977) and Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) for support. In Goldberg, the court held that it was error for the State to knowingly fail to disclose details of a State witness's testimony in another related case in that such details were essential to preparing a defense. Id. at 336. Brady v. Maryland stands for the proposition that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment. Id. 83 S.Ct. at 1196-1197.
Newton, Goldberg, and Brady can all be easily distinguished. Those cases involved the State's withholding of evidence favorable to the defense after the defense had made a request for such evidence. In the instant case, the State was not withholding anything exculpatory. The defense was aware of the polygraph results and desired on cross-examination to get them into evidence. The State objected and the court rejected the proffered testimony.
It is well settled in Florida that the results of a polygraph examination, absent consent by both the State and defendant, are inadmissible into evidence because they have not been shown to be reliable. Delap v. State, 440 So.2d 1242, 1247 (Fla. 1983). Even when the results appear to be favorable to the defendant, the same rule applies. Delap; Walsh v. State, 418 So.2d 1000 (Fla. 1982).
In Delap, at a hearing on defendant's motion to suppress statements and confessions, appellants attempted to introduce the testimony of a public defender investigator on the results of a polygraph exam administered to the defendant. The State objected on the ground that such testimony was incompetent and wholly inadmissible. On appeal, Delap argued that the rule that stipulation or consent was required before such testimony on the results would be admitted was an "arbitrary evidentiary rule which operate[d] to deny him a full and fair hearing on the voluntariness of his confession by preventing him from adducing important favorable evidence regarding the effect of the officer's interrogation tactics." The supreme court disagreed, stating that:
The Florida rule of inadmissibility reflects state judgment that polygraph evidence is too unreliable or too capable of misinterpretation to be admitted at trial. However, the court does recognize that parties may waive their evidentiary objection. Defendant's constitutional rights have not been violated by the exclusion of inadmissible polygraph evidence.
Id. at 1247.
Thus, evidence concerning the giving or the result of the polygraph test was not admissible. There being no error demonstrated, the judgment of conviction is
AFFIRMED.
DAUKSCH and COWART, JJ., concur.