633 So.2d 1189 (1994)
Robert HART, Appellant,
v.
STATE of Florida, Appellee.
No. 93-2231.
District Court of Appeal of Florida, Fifth District.
March 25, 1994.
James B. Gibson, Public Defender, and Anne Moorman Reeves, Assistant Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Kristen L. Davenport, Asst. Atty. Gen., Daytona Beach, for appellee.
DAUKSCH, Judge.
This is an appeal from a sentence in a lewd act case.
Appellant and the state, with the sanction of the court, agreed to a sentence after a nolo contendere plea. As a part of the sentence appellant was to serve six years in prison and five years probation.
As a condition of probation the judge required appellant to submit to periodic lie detector tests to purportedly determine whether he is truthful when he responds to two questions. One, whether he has sexually abused children and, two, whether he has had any "unauthorized" contact with any children.
The case law in this state is clear that lie detector tests are not reliable for forensic use. Davis v. State, 520 So.2d 572, 574 (Fla. 1988); Jones v. State, 453 So.2d 226, 227 (Fla. 5th DCA 1984). Beyond that, it is improper delegation of a court's fact-finding authority to rely upon some nervousness-calculator to establish whether a crime has been committed. That determination should be made after an accusation, proof through actual witnesses (not graph-readers) and an opportunity to cross-examine as to truth, present counter-witnesses, and otherwise defend.
The probation condition relating to the lie detector is stricken.
The judgment and sentence are AFFIRMED AS MODIFIED.
THOMPSON, J., concurs.
GRIFFIN, J., concurs in part; dissents in part, with opinion.
*1190 GRIFFIN, Judge, concurring in part; dissenting in part.
My first reaction was to agree with Judge Dauksch that requiring a probationer to submit to an annual lie detector test would be an invalid condition of probation. Certainly I agree with Judge Dauksch that a probationer could not be "violated" for giving an answer that the person administering the lie detector test deemed to be false. Nor could the probationer be "violated" for committing criminal acts based on polygraph evidence. Polygraph test results are admissible in some courts, see United States v. Piccinonna, 885 F.2d 1529 (11th Cir.1989), but they are not admissible in Florida courts and any allegation of a probation violation based upon what occurred during the administration of the lie detector test would simply be inadmissible. Upon reflection, however, I'm not sure that should or does completely dispose of the question whether it is a proper condition of probation.
The trial court's expressed reason for imposing this condition was as follows:
But the polygraph examination is routinely administered to sex offenderss [sic] as part of sex offender counseling and treatment in this area. It's shown to be one of the best deterrences [sic] that can be used to keep people from re-offending.
In concluding that the use of the polygraph has been effective in deterring sex offenders who victimize children, the trial court evidently has information and a frame of reference that we do not have. I don't know whether the trial court is correct; or, if the trial court is correct, I don't know how lie detector tests are used in such programs, why they are successful or whether they can appropriately and successfully be incorporated into a plan of probation for sex offenders. I do know that such criminals pose peculiar detection and recidivism problems for the criminal justice system. I also know that the sheer volume of perpetrators of such offenses seems to have overwhelmed our system's ability to effectively monitor and supervise these criminals during their probationary term.
Since offenders on probation for such sex crimes are already expected to report to their probation officer and answer questions such as the two framed by the court, the requirement of answering those questions in connection with a polygraph does not seem an impermissible burden if it serves any useful purpose. A "false" answer may not be a basis to violate the offender's probation, but it certainly would offer a reasonable basis for the probation officer to enhance his supervision of the probationer and prevent further crimes. Or, perhaps, through investigation or more careful scrutiny, admissible evidence that the probationer has, in fact, violated the terms of his probation by perpetrating further sex crimes could be uncovered. In other words, failing the polygraph would simply alert the probation officer that the probationer needs attention. As a means of husbanding the system's badly overtaxed resources, this might help monitor the probationer. I would prefer to give the benefit of the doubt to the trial judge in this instance. The record reflects the lower court is aware of the evidentiary problem associated with polygraphs and I would not expect to see the lower court try to "violate" this offender's probation based on inadmissible polygraph results.
Perhaps in the final analysis, the legislature is in the best position to study the purported benefits and burdens of such a condition of probation for perpetrators of sex crimes on children and to determine whether, on balance, it is an appropriate probation condition to impose.