PETERSON, Chief Judge.
The State of Florida appeals the trial court’s order granting a new trial to E.J.J., a child, who had originally been found guilty of robbery with a deadly weapon. E.J.J. and two other boys allegedly hit the victim, a pizza delivery man, on the head with a brick and then robbed him of his pizza. The trial court’s determination of guilt included a written order:
ADDENDUM TO ORDER AT TRIAL
The Court has listened to the tapes of the witnesses herein and long reflected on the testimony elicited at the trial.
Mr. Coffey, the Victim, made a positive identification of the Defendant. Deputy Jose noted a small bump on the Defendant’s left forehead, consistent with Mr. Coffey’s description of the blow by himself to the Defendant. The Defendant was last in class at 12:15 p.m. and did not attend a sixth period class for 12:49 p.m. to 1:41 p.m.
Eric Lagone, a friend of the Defendant’s, testified he and Defendant skipped sixth period class and played basketball at school. They then rode the school bus home. Ms. Daroszkiewicz, school bus driver, testified that Defendant did ride the school bus home departing school at 1:45 p.m. to 1:50 p.m. and arriving at his bus stop at 1:59 to 2:00 p.m. on the day of the crime. Mr. Coffey was attacked at 1:45 p.m. Ms. Daroszkiewicz does not take roll as to the students riding on the bus and was relying on her recollection as to the Defendant riding the bus that day and his subsequent request that she confirm his presence on the school bus. Edmund Jones testified that he was on the school bus on the date in question and did not commit the crime.
Apparently, someone at the Juvenile Justice Assessment Center (“Department”) disagreed with the trial court’s finding of guilt during the preparation of the pre-disposition report. The report indicated that the Department had not made a recommendation “because it appeared as though [E.J.J.’s] denial of the charge was truthful.” Although the Department suggested that E.J.J. submit to a polygraph examination, it finally did recommend that E.J.J. be committed and placed in a minimum risk non-residential program.
EJJ.’s motion for new trial was filed after he successfully passed the polygraph test, and was based upon that result as well as a written statement by the school bus driver stating that E.J.J. was on her bus on the day of the robbery. The state argued that the bus driver’s written statement was properly excluded at trial and the polygraph results were inadmissible evidence absent a stipulation by the state. We agree with the state and reverse the order granting a new trial.
*208 It is well established that in Florida, as in most states, polygraph results are inadmissible to prove the guilt or innocence of a defendant. Kaminski v. State, 63 So.2d 339 (Fla.1952). Polygraph results are admissible, however, upon the agreement or stipulation of the parties. Delap v. State, 440 So.2d 1242 (Fla.1983), cert. denied, 467 U.S. 1264, 104 S.Ct. 3559, 82 L.Ed.2d 860 (1984); Davis v. State, 520 So.2d 572 (Fla.1988); Jones v. State, 453 So.2d 226 (Fla. 5th DCA 1984) (results of a polygraph examination, absent consent by both state and defendant, are inadmissible into evidence because they have not been shown to be reliable; the same rule applies even when the results appear to be favorable to the defendant); State v. Camacho, 661 So.2d 959 (Fla. 3d DCA 1995) (trial court committed reversible error in dismissing information on the sole ground of defendant passing a polygraph test when such test and its results were not stipulated to by the state).
Although not cited by the state in the instant case, a case often cited as authority for the proposition that polygraph evidence may be admitted in a trial court’s discretion in the non-trial setting of a motion for new trial is People v. Barbara, 400 Mich. 352, 255 N.W.2d 171 (Mich.1977). The Michigan Supreme Court determined that the trial court in a post-conviction hearing on a motion for new trial based on newly found evidence may, in its discretion, consider results of polygraph examination under specified conditions. The Barbara court significantly pointed out in a footnote, however, that, “If the only new evidence was the polygraph examination, this of course would be inadmissible at trial and would not be a sufficient basis for granting a new trial....” Id. at 411, 255 N.W.2d 171. See In re Joaquin S., 88 Cal.App.3d 80, 151 Cal.Rptr. 508 (Cal.App. 4th Dist.1979) (polygraph evidence is not admissible at a hearing to vacate an order of commitment to the California Youth Authority); State v. Moore, 490 So.2d 588 (La.App. 2d Cir.), writ, denied, 494 So.2d 1175 (La.1986) (results of polygraph examination, in and of themselves, are not sufficient to warrant the granting of a new trial, but are to be considered along with whatever evidence is presented in those proceedings). In the instant case, E.J.J. did not present to the trial court in his motion for new trial any new evidence that would have changed the course of the original trial. Neither the written statement of the bus driver nor the polygraph result would be admissible in a new trial and the state had made it clear that it will not stipulate to admittance.
We find no merit in E.J.J.’s argument that the Department’s request that E.J.J. submit to a polygraph examination should be construed as a consent to the admissibility of the results of the examination. See Gilstrap v. State, 256 Ga. 20, 342 S.E.2d 667 (Ga.1986) (refusing to consider evidence of post-trial polygraph examination of defendant as basis for new trial was not error where consent order for such examination evidenced state’s consent to administration of examination, but not to admissibility of results of examination).
The order granting new trial is vacated and we remand for further proceedings.
ORDER VACATED; REMANDED.
HARRIS and ANTOON, JJ., concur.