KLEIN, Judge.
Appellant was convicted of robbery with a firearm and appeals, arguing that prejudicial error occurred when the prosecutor elicited the detective’s opinion that defendant had been evasive when telling his version of what had happened. We affirm.
The following colloquy occurred when a detective, who had gone to the scene of the crime immediately thereafter and interviewed a number of people, was being questioned by the prosecutor:
Q. (The Prosecutor): Now, Detective Jones, in your job as a detective, I assume you’ve had to deal with a number of different people and individuals, interviewing witnesses, defendants, victims, things of that nature; is that correct?
A. Yes.
Q. (The Prosecutor): And during that period of time, have you had interviews with individuals that were evasive or that would not want to tell you the whole truth?
A. Sure, Yes.
(The Defense): Objection, Your Honor.
The Court: Sustained.
Q. (The Prosecutor): Okay. And based on your experience and training as an officer—
(The Defense): Objection, Your Honor.
The Court: Let’s hear the rest of the question before you object.
Q. (The Defense): Judge, I’d like to respond to that objection if I could. It was, in fact, posed.
The Court: Ask your question, counsel.
Q. (The Prosecutor): Based on your training and experience as an officer, would you say that the defendant was evasive when he was telling you his story?
A. Yes.
The Court: Asked and answered. Sustain the objection. Move on. He’s already answered.
Clearly, police officers, as well as other witnesses, are prohibited from offering opinions as to the truthfulness of a witness or a defendant. Capehart v. State, 583 So.2d 1009, 1013 (Fla.1991), cert. denied, 502 U.S. 1065, 112 S.Ct. 955, 117 L.Ed.2d 122 (1992); Farley v. State, 324 So.2d 662, 664 (Fla. 4th DCA 1975), cert. denied, 336 So.2d 1184 (Fla.1976); accord, Hayes v. State, 660 So.2d 257 (Fla.1995); Williams v. State, 627 So.2d 1279 (Fla. 1st DCA 1993); Cf. Gianfrancisco v. State, 570 So.2d 337 (Fla. 4th DCA 1990).
We are at a loss to understand why the prosecutor would have embarked in this area in the first place, let alone pursued it after the trial court sustained defendant’s objection. Nor should the court have allowed any further questions in this area once the objection had been sustained. The problem is that the court did sustain defendant’s objection at all times, and the defense did not ask for a curative instruction or move for a mistrial. We therefore conclude that the issue has been waived, Clark v. State, 363 So.2d 331 (Fla.1978), but admonish the prosecutor to refrain from pursuing this obviously improper line of questioning in the future. Affirmed.
STONE and PARIENTE, JJ., concur.