725 So.2d 1244 (1999)
Pedro Patricio FONTICOBA, Appellant,
v.
The STATE of Florida, Appellee.
No. 97-2429
District Court of Appeal of Florida, Third District.
January 27, 1999.
Bennett H. Brummer, Public Defender, and Craig J. Trocino, and Roy A. Heimlich, Assistant Public Defenders, for appellant.
Robert A. Butterworth, Attorney General, and Maya Saxena, Assistant Attorney General, *1245 and Michael Neimand, Assistant Attorney General, for appellee.
Before NESBITT, GREEN, and FLETCHER, JJ.
PER CURIAM.
The appellant, Pedro Patricio Fonticoba, was charged with second degree murder in the shooting death of his common law wife, Mirtha Mon, in the bedroom of their home. Although Fonticoba did not testify at his trial, his theory of defense was that the shooting was accidental and at best, he was only guilty of manslaughter. The jury convicted Fonticoba of second degree murder as charged and this appeal followed.
Fonticoba argues that he was deprived of his right to a fair trial where, Assistant State Attorney, Harvey Hyman,[1] in direct violation of a pretrial order on his motion in limine, informed the jury during opening arguments that he had taken and failed a polygraph or "lie detector" test. The state concedes that in the absence of a stipulation, the results of the polygraph examination were inadmissible, see Delap v. State, 440 So.2d 1242, 1247 (Fla.1983); Zeigler v. State, 402 So.2d 365, 373 (Fla.1981); Sullivan v. State, 303 So.2d 632, 634 (Fla.1974), but asserts that its error in this regard was harmless in light of the abundant evidence of Fonticoba's guilt. See State v. DiGuilio, 491 So.2d 1129, 1135, 1138 (Fla.1986). We disagree.
In this case, other than the deceased victim, Fonticoba is the only person with knowledge of the actual circumstances surrounding the discharge of the firearm. Although Fonticoba's pretrial accounts of the shooting differed, he steadfastly maintained that the shooting was an accident. The state's medical examiner opined that the shooting was a homicide but conceded that there was nothing about the physical evidence in this case that was inconsistent with the shooting being an accident. The state's firearm expert was able to discredit Fonticoba's initial account that he accidentally discharged the gun while it was in the holster and explained that the gun's safety mechanism precluded it from firing unless the trigger was pulled all the way back. However, the expert could not testify whether Fonticoba fired the weapon as a reckless act of intimidation or with the intention to kill. Given the fact that the outcome of this trial depended, in large part, upon Fonticoba's credibility and which of his various pretrial statements the jury elected to believe, we do not believe that the state can meet its burden under DiGuilio to demonstrate that its error in informing the jury of the results of Fonticoba's polygraph examination was harmless and did not affect the result of this trial. We therefore reverse and remand for a new trial.
Reversed.
NOTES
[1] This is, we hope, the last in a series of cases where we are asked to consider what we have previously concluded to be the "unprofessional and unethical" behavior of Assistant State Attorney Harvey Hyman. See Izquierdo v. State, 724 So.2d 124 (Fla. 3d DCA 1998); see also Lewis v. State, 711 So.2d 205 (Fla. 3d DCA 1998); State v. Benton, 662 So.2d 1364 (Fla. 3d DCA 1995). We have been advised that Mr. Hyman is no longer part of the Dade County State Attorney's office.