753 So.2d 148 (2000)
Latonda Latrell SHANNON, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D98-2428.
District Court of Appeal of Florida, Third District.
February 16, 2000.
Rehearing Denied March 29, 2000.
*149 Bennett H. Brummer, Public Defender, and Andrew Stanton, Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General, and Rebecca Springer, Assistant Attorney General, for appellee.
Before GODERICH, GREEN, and RAMIREZ, JJ.
RAMIREZ, J.
Latonda Latrell Shannon appeals her conviction for first-degree murder and aggravated child abuse and sentence to life imprisonment for killing her two-year-old daughter, Beaunca Jones. We find no merit in her argument that the trial court erred in denying her motion for judgment of acquittal. Likewise, we affirm the judge's denial of her motion to suppress her confession as a trial court's ruling on such a motion to suppress is clothed with a presumption of correctness, and the reviewing court "must interpret the evidence and reasonable inferences and deductions derived therefrom in a manner most favorable to sustaining the trial court's ruling." San Martin v. State, 717 So.2d 462, 469 (Fla.1998). We reverse, however, on two evidentiary rulings made by the trial court.
The State's case was based primarily on Shannon's own statements to the police. The victim had been examined by Dr. Jean-Luc Michel the day before her death because the child had been ill with the flu. He also examined the victim's abdomen because the mother reported an injury with a swing. As his examination was negative, Dr. Valerie Rao, the medical examiner, was later able to establish that the fatal injuries had occurred during the last eighteen hours of the child's life. Shannon gave a number of statements, gradually inculpating herself, but never admitting to the homicide.
The State called Detective Thomas Mote, a qualified polygraph examiner, to testify about his interrogation of Shannon. He related to the jury, over defense objection, his extensive credentials as a polygraph examiner. He then explained that he could not administer a polygraph examination to Shannon because she was seven-months pregnant. He testified that, on the basis of his training and expertise, he was able to tell that Shannon was untruthful during the interrogation.
It is well established that police officers cannot give their opinions as to the truthfulness of a defendant. See, e.g., Capehart v. State, 583 So.2d 1009, 1013 (Fla.1991); Charles v. State, 683 So.2d 583, 584 (Fla. 4th DCA 1996) ("Clearly, police officers, as well as other witnesses, are prohibited from offering opinions as to the truthfulness of a witness or a defendant."); Farley v. State, 324 So.2d 662, 664 (Fla. 4th DCA 1975); accord Hayes v. State, 660 So.2d 257 (Fla.1995); Williams v. State, 627 So.2d 1279 (Fla. 1st DCA 1993). The error was compounded by bestowing the officer's opinion with the quality of expert testimony. If the officer had administered a polygraph, he would have been unable to report his findings in the absence of a stipulation as to its admissibility. See Delap v. State, 440 So.2d 1242 (Fla.1983); Fonticoba v. State, 725 So.2d 1244, 1245 (Fla. 3d DCA 1999) ("in the absence of a stipulation, the results of the polygraph examination were inadmissible"); State v. *150 E.J.J., 682 So.2d 206, 208 (Fla. 5th DCA 1996) ("It is well established that in Florida, as in most states, polygraph results are inadmissible to prove the guilt or innocence of a defendant.") (citing Kaminski v. State, 63 So.2d 339 (Fla.1952)). As the Florida Supreme Court stated in Delap, 440 So.2d at 1247, "[w]here evidence is based solely upon scientific tests and experiments, it is essential that the reliability of the test be recognized and accepted by scientists or that the demonstration pass from the stage of experimentation to that of reasonable demonstrability.... Polygraph testing has not passed the reliability threshold." Id. (citations omitted). Surely, if a polygraph is not sufficiently reliable, the testimony of a witness qualified as a polygraph examiner who renders an opinion on the defendant's veracity is even less reliable in the absence of such a scientific examination.
We also find error in the trial court's confinement of defense counsel's cross-examination of Detective Mote. The witness testified on direct that he asked Shannon to give him an account of the events leading up to her daughter's death while he typed out a verbatim account of what she said. Defense counsel was prevented from questioning the detective on the statement unless Shannon moved the written statement into evidence as a defense exhibit, thereby waiving the final closing argument. On redirect examination, the witness was then asked to read from the written statement, but defense counsel was again prevented from cross-examining the detective on the rest of the statement.
In Christopher v. State, 583 So.2d 642, 646 (Fla.1991), the Florida Supreme Court made clear that "[w]hen the state offers in evidence a part of a confession or admission against interest, the defendant is entitled to bring out on cross-examination the entire confession or admission." The only limitation is that cross-examination must always "either relate to credibility or be germane to the matters brought out on direct examination." Steinhorst v. State, 412 So.2d 332, 337 (Fla.1982). The written statement here was less than a page long and related to the events transpiring immediately prior to the death of the victim. It linked directly to Shannon's efforts to show who else could have inflicted the fatal injuries.
The State relies heavily on Larzelere v. State, 676 So.2d 394 (Fla.1996), where the court explained that the purpose for the "rule of completeness" is to avoid the potential for creating misleading impressions by taking statements out of context. It stated that "once a party `opens the door' by introducing part of a statement, the opposing party is entitled to contemporaneously bring out the remainder of the statement in the interest of fairness." Id. at 401-02. Admittedly, the right is not absolute. In Correll v. State, 523 So.2d 562, 566 (Fla.1988), the court declared: "Ordinarily, a defendant's statement should be introduced into evidence in its entirety, absent totally extraneous matters." Section 90.108, Florida Statutes (1999) only mandates the introduction of that which in fairness ought to be considered contemporaneously with the introduction of the partial statement. "Such a fairness determination falls within the discretion of the trial judge." Larzelere, 676 So.2d at 402. We believe that, given the relevance and brevity of the statement, the trial court abused its discretion in not allowing cross-examination of the remaining portions of the statement. We also conclude that the cumulative effect of the cross-examination limitation and the improper admission of the police officer's "credibility" testimony was not harmless and thus constitutes reversible error.
Affirmed in part; reversed in part and remanded.