## 54110. HARRISON v. THE STATE.

McMURRAY, Judge.

This is the second appearance of this case in this court. In *Harrison v. State,* 138 Ga. App. 419 (226 SE2d 480), this court reversed a conviction of voluntary

manslaughter. Defendant had been indicted for "the offense of felony for that the said J. C. Harrison did . . . unlawfully and with malice aforethought kill one . . . , a human being, by stabbing the said . . . with a certain knife, . . ." The language describing this offense of felony constituted the offense of murder. Code § 26-1101 (a). Upon the initial trial the defendant was found guilty of the lesser offense of voluntary manslaughter. On return of the remittitur a plea of double jeopardy was filed as to the murder indictment, and defendant requested that he be re-indicted only for the charge of voluntary manslaughter, basing this request upon Price v. Georgia, 398 U. S. 323 (90 SC 1757, 26 LE2d 300). His plea was denied, and defendant was again tried on the same indictment upon instructions for the jury only to consider the lesser offense of voluntary manslaughter as the charge of murder was withdrawn.

Defendant was again convicted of voluntary manslaughter and sentenced to serve a term of ten years, five years in confinement and the remainder on probation. Defendant appeals. Three of the four enumerations of error are concerned with the denial of defendant's plea of double jeopardy as to the murder charge, the opening statement of the assistant district attorney wherein the murder charge was improperly injected into the case, and the manifest error committed by the court in making improper and prejudicial comments with reference to the offense of murder in that the defendant was only charged with the offense of voluntary manslaughter, having been acquitted of the murder charge. *Held:*

1. Based upon the case law as created by Price v. Georgia, supra, and other United States Supreme Court decisions, we have no precedent for the handling of new trials on the lesser included offenses after the defendant has been found not guilty of murder, yet convicted of a lesser offense. The trial court had no precedent for the handling of this type of case. In some instances re-indictment has been the practice. Neither statutory nor appellate court direction was available to the trial court as to how to proceed, and indeed, Price v. Georgia, supra, did not suggest an acceptable procedure for the

handling of re-trials in such cases. Whenever a "no precedent" situation confronts a trial court, that court no doubt, with bewildered trepidations, must "shoot from the hip" and await the "Monday morning quarterbacking" of the appellate courts.

Counsel for defendant did request that he be re-indicted only for the charge of voluntary manslaughter. This would have provided a proper procedural solution. However, this court does not feel that this was the only solution. Generally, the only difference between the felony charges of murder and voluntary manslaughter is that in committing criminal homicide the act of murder is done "with malice aforethought, either express or implied." See Code § 26-1101 (a), supra. True, subparagraph (b) does also classify felony murder as resulting when a person in the commission of a felony "causes the death of another human being, irrespective of malice," but the indictment here did not cover a felony murder. Code § 26-1102 then defines voluntary manslaughter. Since no demurrers were filed to this indictment charging the offense of felony by killing with malice aforethought, the obliteration or masking of the words "with malice aforethought" with appropriate instructions from the court would have changed this indictment to one for the lesser offenses included in criminal homicide, that is, in the charge of murder. Of course, masking, detaching or erasure of former verdicts and damaging evidence has generally been the practice in this state. See *Ga. Pac. R. Co. v. Dooley,* 86 Ga. 294 (3) (12 SE 923); *Salem v. State,* 228 Ga. 186, 188 (5) (184 SE2d 650); *Bostick v. Ricketts,* 236 Ga. 304, 305 (223 SE2d 686). But even so, an indictment is not evidence, and while it has always been a practice to allow indictments to go to the jury, "its viewing by the jury is not required." *Bostick v. Ricketts,* supra, p. 305. This also would have been a solution by not allowing the indictment to go out with the jury. Further, by stipulation of the parties and formal waiver of indictment an accusation for voluntary manslaughter, or other lesser included offense, if any, could have been drawn in lieu of the indictment. The defendant was not placed in double jeopardy, for the court expressly instructed the jury it did not have for

consideration the offense of murder. The plea of double jeopardy was properly denied.

2. The charge of murder (of which the defendant stands already acquitted) should not have been mentioned to the jury by the court in its instructions, or by the assistant district attorney in his opening statement. Since defense counsel had objected to the procedure to be used in this case and had filed a plea of double jeopardy as to the murder charge, it was error for the court and the assistant district attorney to again inject into the case the charge of murder of which the defendant stood acquitted. The injecting of the charge of murder into the case substantially prejudiced the rights of the defendant to a fair trial for an offense less than murder. Counsel objected and continued to object by filing a proper motion for mistrial. If the court elected to proceed with the indictment here, the proper procedure should have been for the court to have instructed the jury that the defendant was charged with the offense of felony in that he had unlawfully killed the deceased, "a human being, by stabbing [him] . . . , and that the defendant had entered a plea of not guilty." The words "murder" and "with malice aforethought" could easily be left out of the instructions to the jury in regard to the offense charged, and this language masked in the indictment in the event the court allowed the indictment to go out with the jury. To charge the jury that the defendant was indicted for the offense of murder but that the charge was withdrawn and "you will not give it any consideration whatsoever, but you will only be concerned with the lesser charge of voluntary manslaughter" does not cure the injection of murder into the case both by the court and by the assistant district attorney in his opening statement to which defense counsel had strenuously objected from the beginning. This was error requiring a new trial as no corrective action whatsoever was taken.

3. The only other enumeration of error contends that the court erred in making improper and prejudicial comment upon the evidence. The comments made by the court involved a ruling in regard to evidence, and no objection was made thereto nor did counsel move for a mistrial so as to raise this point on appeal. See *Ealy v.*

*Tolbert,* 210 Ga. 96 (2) (78 SE2d 26); *Coates v. State,* 192 Ga. 130 (3) (15 SE2d 240); *Herndon v. State,* 178 Ga. 832 (6) (174 SE 597); *Adams v. State,* 171 Ga. 90 (8) (154 SE 700). There is no merit in this complaint.

*Judgment reversed. Bell, C. J., and Smith, J., concur.*

SUBMITTED JUNE 27, 1977 — DECIDED OCTOBER 21, 1977 — REHEARING DENIED NOVEMBER 16, 1977 —

*Jim M. Foss, Kenneth C. Fuller,* for appellant.

*F. Larry Salmon, District Attorney, Robert D. Englehart, Assistant District Attorney,* for appellee.