## A92A0828. DOUGLAS v. THE STATE.
(426 SE2d 628)

CARLEY, Presiding Judge.

Appellant and two others were jointly indicted for trafficking in cocaine. After one co-indictee had pled guilty, appellant and the other co-indictee were brought to trial before a jury. The co-indictee was found not guilty, but a judgment of conviction and sentence for attempt to commit trafficking in cocaine were entered against appellant by the trial court and he appeals.

1. Appellant testified in his own defense. He freely admitted that he had intended to traffick in cocaine and that he had initially entered into a conspiracy to commit that crime with his co-indictees. However, he also testified that he had subsequently withdrawn from this conspiracy *before* the crime had actually been committed by his co-indictee who had pled guilty. See OCGA § 16-4-5. In the trial court's charge, instructions were given on attempt to commit trafficking in cocaine as a lesser included offense. However, the verdict that was returned by the jury did *not* find appellant guilty of trafficking in cocaine or of an attempt to commit that crime. The verdict found him "guilty of *intent* to traffick in cocaine." (Emphasis supplied.) The trial court specifically asked the jury foreman whether the verdict was a finding of appellant's "criminal *attempt* to traffick in cocaine?" (Emphasis supplied.) The response to this inquiry was: "*No*, we couldn't decide if it was attempt or intent. We weren't sure what they said." (Emphasis supplied.) Despite the jury foreman's unequivocal statement that the verdict did *not* represent a finding that appellant was guilty of attempt, the trial court, without further inquiry, in-

structed the jury foreman that "it would be criminal attempt" and ordered that the verdict be rewritten to reflect that finding. Appellant enumerates as error the trial court's entry of a judgment of conviction and sentence for "attempt" to traffick in cocaine, when the verdict, as originally returned by the jury, had found him guilty of only "intent" to commit that crime.

By his own admission, appellant had had the requisite intent to commit the greater crime of trafficking in cocaine. However, appellant's mere intent, without more, would not be punishable as a "crime." A "crime" requires an act or omission, as well as intent. OCGA § 16-2-1. When asked by the trial court whether appellant had been found guilty of the lesser crime of "attempt," the jury foreman's immediate response was "No." The trial court apparently construed the remainder of the jury foreman's response as indicating that the jury had been confused and had mistakenly employed the word "intent" for "attempt" in its verdict. However, the jury foreman did not state that the jury had been unsure what the trial court had said in its charge, wherein it had instructed on "intent" as an element of any crime and on "attempt" to commit trafficking in cocaine as a lesser included offense of the crime for which appellant was indicted. The jury foreman's response was that the jury had been unsure "what *they* said." (Emphasis supplied.) This is an obvious reference to the *evidence* regarding the understanding that had been reached between appellant and his co-indictees. Appellant had admitted inculpatory discussions regarding commission of the greater crime but, according to him, he had thereafter withdrawn from the conspiracy before the co-indictee who pled guilty had actually trafficked in cocaine. Thus, the jury foreman's response was, in effect, an affirmation of the jury's verdict finding appellant guilty of having *only* the "intent" to commit the greater crime. The jurors had *not* found appellant guilty of "attempt" because, being unsure among themselves as to the understanding that was ultimately reached by appellant with his co-indictees, they could not decide whether he was guilty of actually having attempted to commit the crime or whether he had merely had the initial intent to do so. If the 12 jurors could not decide beyond a reasonable doubt that appellant had *not* withdrawn from the conspiracy as he claimed, then appellant could not be found guilty of an attempt to traffick in cocaine.

"A 'crime' is a violation of a statute of this state in which there is a joint operation of an act or omission to act and intention or criminal negligence." OCGA § 16-2-1. The jury's original verdict finding appellant was guilty only of having the intention to traffick in cocaine "amounted to an acquittal. There could be no finding of guilt without [an inculpatory act] in this case. [Cits.] In *Ezzard v. State*, 11 Ga. App. 30 (74 SE 551) [(1912)], where the verdict was found to be one

of acquittal, this court found that a new trial was precluded under the former jeopardy provisions of the bill of rights. It follows that once the jury reached its verdict in this case, and the same was presented to an officer of the court and the court, the trial had ended. The trial court was without authority to [order the jury foreman to rewrite the verdict to reflect a finding of appellant's guilt for attempt to traffick in cocaine]." *Maltbie v. State*, 139 Ga. App. 342, 345 (2) (228 SE2d 368) (1976). It follows that the rewritten verdict was a mere nullity and that the jury's accession to the void verdict, as rewritten at the trial court's direction, is of no consequence. Here, as in *Maltbie v. State*, supra at 345 (4), all actions occurring subsequent to the return of the jury's original verdict were nugatory and appellant's conviction must be "reversed with direction that a judgment of 'not guilty' be entered of record. . . ."

2. Appellant's remaining enumerations of error are obviously moot.

*Judgment reversed with direction. Pope and Johnson, JJ., concur.*

DECIDED DECEMBER 3, 1992 —
RECONSIDERATION DENIED DECEMBER 16, 1992

*Joel E. Williams, Jr.*, for appellant.
*Dupont K. Cheney, District Attorney, J. Thomas Durden, Jr., Assistant District Attorney*, for appellee.