## A97A0819. THE STATE v. TELENKO.
### (484 SE2d 725)

ELDRIDGE, Judge.

The trial court granted appellee David Telenko's motion in autrefois convict preventing the retrial of his case. The state appeals. As the procedural chronology of the instant case is key to the resolution of the issue raised, we set forth the following:

Telenko was indicted in the Superior Court of DeKalb County for the offenses of vehicular homicide, DUI, reckless driving, and involuntary manslaughter. Pursuant to a motion and subsequent hearing, the state was permitted to introduce at trial a DUI similar transaction against the appellee for the purpose of showing course of conduct and bent of mind.

During the closing argument of the state, the prosecutor discussed the similar transaction evidence, thereafter making the comment, "That's Mr. Telenko. That's the kind of person we're talking about."[1] Following closing arguments, appellee objected to the prosecutor's statement as an improper comment on appellee's character; appellee moved for mistrial and moved that the state be barred from retrial as the prosecutor's comment was intentional misconduct. The trial court reserved ruling on the motion, charged the jury, and sent them out to deliberate.

After approximately two days of deliberation, the jury was una-

---

[1] Closing arguments in the instant case were not recorded; however, there appears to be no dispute that the substance of the prosecutor's comment is as noted above.

ble to reach a verdict. The jury foreperson sent the court a note stating that the jury was "hopelessly deadlocked." The trial court brought the foreperson into open court and made the following inquiry: "[Court]: Is it your opinion that they will — that this jury will not be able to reach a verdict? [Foreperson]: It is everyone's opinion. [Court]: Is there any doubt in your mind? [Foreperson]: No, sir." Immediately thereafter, the trial court dismissed the jury stating, "Well, at this time then I can release you from your responsibilities on this case. You may now discuss the case with anybody you want to or not, as you choose. Sometimes lawyers like to discuss cases with jurors to see how they can better represent their clients, and if a lawyer should contact you or want to talk to you this afternoon and you want to talk about it, you may do so now." The trial court recessed, the jury left the courtroom, and the attorneys spoke with the dismissed jurors.

After the recess, the trial court raised the issue of the reserved motion for mistrial based on prosecutorial misconduct and asked if there was further argument thereon. After hearing from counsel, the trial court granted the appellee's motion for mistrial, finding that "the state made an improper comment about the defendant's character in final argument"; the court withheld judgment on appellee's motion to bar retrial of the case, suggesting that such would properly be the subject of a further motion and evidentiary hearing. Subsequently, appellee filed a motion in autrefois convict to prevent retrial of the case, claiming that the prosecutor's comment was made deliberately in order to "goad" the appellee into moving for a mistrial. An evidentiary hearing was held during which all parties agreed that in order to grant the motion, the trial court must find that the prosecutor's comment was intentionally made for the purpose of influencing the defense to move for mistrial.

Thereafter, the trial court issued an order granting the appellee's motion in autrefois convict based upon the state's improper reference to character; however, with regard to the prerequisite finding of deliberate intent, the trial court determined, "It is unnecessary for this court to address the intent issue, however, for this judge believes the circumstances of this case prohibit a retrial without a specific finding that the state intended to 'goad' the defense to moving for a mistrial."[2] The state appeals the granting of the motion. *Held*:

---

[2] A trial judge's determination with regard to the granting of a motion for mistrial is entitled to the greatest of deference. See, e.g., *Bailey v. State*, 219 Ga. App. 258 (465 SE2d 284) (1995). However, without something more, "to bar retrial of a criminal defendant, on the sole ground that trial error necessitates reversal of the conviction, is far too high a price for society to pay for the vindication of the rights of criminal defendants under our scheme of government, and was never intended by the Double Jeopardy Clause." *Williams v. State*, 258 Ga. 305, 311 (1) (369 SE2d 232) (1988).

"Only where the governmental conduct in question is intended to 'goad' the defendant into moving for a mistrial may a defendant raise the bar of double jeopardy to a second trial after having succeeded in aborting the first on his own motion. [Cit.]" (Punctuation omitted.) *Reed v. State*, 222 Ga. App. 376, 378 (474 SE2d 264) (1996), citing *Oregon v. Kennedy*, 456 U. S. 667, 676 (102 SC 2083, 72 LE2d 416) (1982). Bad faith conduct, overreaching, or harassment are not decisive factors to prevent retrial; the applicable standard is the intent of the prosecutor in the misconduct, and this intent is a fact question for the trial court to resolve. Id. Thus, contrary to the trial court's conclusions, a bar to retrial based on prosecutorial misconduct requires a determination regarding such intent. However, this Court need not ascertain the prosecutor's motives or remand for such, because we find as controlling the procedural posture in which this case comes to us.

The state argues that since a mistrial was granted when the jury was unable to reach a verdict, the granting of appellee's motion for mistrial was "redundant." We agree.

While never before confronted with the precise issue presented by competing mistrials in the same case, we, nevertheless, have long been cognizant of when a trial is over: once a jury has reached its verdict in a case, and the same has been presented in open court, the trial has ended. *Douglas v. State*, 206 Ga. App. 740, 742 (426 SE2d 628) (1992); *Maltbie v. State*, 139 Ga. App. 342, 345 (228 SE2d 368) (1976). It follows that once a jury is unable to reach a verdict in a case, the same has been affirmed in open court, the jury has been dismissed, the court has recessed, and the parties' attorneys have discussed the case with the dismissed jurors, the trial has ended. In dismissing the jury, "the effect of the court's action was a mistrial." *Huff v. State*, 207 Ga. App. 686, n. 1 (428 SE2d 818) (1993). Consequently, the trial court's subsequent declaration of a mistrial based on improper closing argument was a "mere nullity." *Douglas*, supra at 742. When the horse has already escaped the stable, shutting the door thereof is a moot act. As such, the granting of appellee's motion in autrefois convict, which was premised upon a declaration of mistrial that was rendered moot because the trial had ended prior to the declaration, must be reversed.

*Judgment reversed. Birdsong, P. J., concurs. Ruffin, J., concurs in judgment only.*

DECIDED MARCH 14, 1997 —
RECONSIDERATION DENIED MARCH 26, 1997 — ■

*J. Tom Morgan, District Attorney, Barbara B. Conroy, Assistant*

*District Attorney*, for appellant.
*Corinne M. Mull-Milsteen*, for appellee.