A97A1921. THE STATE v. ARCHIE.
(495 SE2d 581)

JOHNSON, Judge.

Freddie Archie was indicted on charges of malice murder and aggravated assault. Sua sponte, the trial judge instructed the jury on the elements of voluntary manslaughter as a lesser included offense of the malice murder. After more than seven hours of deliberations, the jury reported that it was deadlocked. The trial judge declared a mistrial. Before the jury was excused, an unreported conference was held at the bench, after which the judge asked the foreperson if a verdict had been reached as to the malice murder count. The foreperson reported that Archie had been found not guilty of that charge.[1] That verdict was not written on the indictment. Prior to retrial, Archie filed a plea of double jeopardy, contending that his acquittal on the malice murder charge barred retrial for voluntary manslaughter. The trial court agreed, and entered an order allowing retrial only on the aggravated assault charge. We granted the state's application for interlocutory appeal to review the grant of Archie's plea of double jeopardy as to voluntary manslaughter. For reasons which follow, we reverse.

In *United States v. Larkin,* 605 F2d 1360, 1368 (5th Cir. 1979), the court observed that the concept of continuing jeopardy has application where criminal proceedings against an accused have not run their full course. As noted by the *Larkin* court, "an acquittal on a

[1] The issue of whether a verdict may be accepted after a mistrial has been declared has not been raised in this appeal. In *State v. Telenko,* 225 Ga. App. 724 (484 SE2d 725) (1997) (physical precedent only), a mistrial was declared after the trial judge determined that the jury was hopelessly deadlocked. Subsequently, the trial court reconsidered, and granted, a motion for mistrial based on prosecutorial misconduct which it had reserved ruling upon during trial. This Court held that the trial court's subsequent declaration of a mistrial based on the state's improper closing argument was a nullity. "When the horse has already escaped the stable, shutting the door thereof is a moot act." Id. at 726. Clearly, a trial court cannot grant a mistrial after a verdict has been returned. *Bowen v. State,* 144 Ga. App. 329, 336 (241 SE2d 431) (1977) (on motion for rehearing). It would follow that once a mistrial has been declared, a trial court cannot accept a verdict. Here, however, the jury had not been dismissed and court had not recessed. The state did not object to further inquiry by the trial court regarding the jury's deliberations. See also *State v. Lane,* 218 Ga. App. 126 (460 SE2d 550) (1995).

greater offense does not preclude a retrial on a lesser offense to which continuing jeopardy has attached, and this result obtains whether the applicability of continuing jeopardy results from an appellate reversal of a conviction . . . or from a mistrial caused by a deadlocked jury." Id. at 1369.

The Supreme Court of Georgia recently considered this issue. "The Supreme Court of the United States consistently has affirmed 'the proposition that a trial court's declaration of a mistrial following a hung jury is not an event that terminates the original jeopardy to which (the defendant) was subjected.' *Richardson v. United States*, 468 U. S. 317, 326 (104 SC 3081, 82 LE2d 242) (1984). . . . Likewise, this Court consistently has held that, under the double jeopardy provision in Georgia's constitution, 'if a jury cannot agree upon a verdict in a criminal case, the trial judge may declare a mistrial, and the accused may then be tried a second time for the same offense.' [Cit.]" *Rower v. State*, 267 Ga. 46 (472 SE2d 297) (1996). For the reasons articulated in *Rower*, Archie's reliance on *Blockburger v. United States*, 284 U. S. 299 (52 SC 180, 76 LE 306) (1932) and *Brown v. Ohio*, 432 U. S. 161, 168 (97 SC 2221, 53 LE2d 187) (1977), which involved multiple conviction or successive prosecution issues, is misplaced.[2] See *Hobbs v. State*, 229 Ga. 556, 557 (2) (192 SE2d 903) (1972). Cf. *Rhyne v. State*, 209 Ga. App. 548, 552 (3) (434 SE2d 76) (1993) (where state was precluded from adding new charges upon retrial).

In its appeal, the state also relies on *Harrison v. State*, 143 Ga. App. 883 (240 SE2d 263) (1977) in which the defendant was indicted on the offense of malice murder. The jury found Harrison not guilty of murder but guilty of the lesser offense of voluntary manslaughter, a conviction which was reversed on appeal. On remand, the defendant filed a plea in double jeopardy as to the *murder* indictment and requested that he be re-indicted on the manslaughter offense only. No plea of double jeopardy was made with respect to the manslaughter offense. This Court held that retrying the defendant on the indictment containing the murder charge would not have been error as long as the jury only knew that the defendant was on trial for manslaughter. Although, as the state suggests, the *Harrison* case appears to hold that a retrial on the lesser included offense is proper after an acquittal on the greater offense, the issue in that case involved the form of the indictment rather than double jeopardy.

Nonetheless, *Harrison* is not without value to our consideration of this case. Here, as in *Harrison*, the voluntary manslaughter

---

[2] See James A. Shellenberger and James A. Strazzella, "The Lesser Included Offense Doctrine and the Constitution: The Development of Due Process and Double Jeopardy Remedies," 79 Marquette Law Review 1 (1995).

offense was properly before the jury for consideration. The trial judge in this case charged and re-charged the jury regarding the elements of that offense. The jury clearly stated that they found Archie not guilty of malice murder only and that they were deadlocked as to the other offenses before them. Therefore, *Harrison* suggests that the acquittal on the indicted offense of murder would not bar retrial on the lesser included unindicted offense of voluntary manslaughter using the same indictment, as long as the next jury does not know about the murder charge.

Because Archie had been placed in jeopardy on the offense of voluntary manslaughter in the first trial, jeopardy was continuing as to that offense, and the trial court erred in granting Archie's plea in bar based on double jeopardy with regard to that charge.

*Judgment reversed. Pope, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED JANUARY 8, 1998 —
RECONSIDERATION DENIED JANUARY 20, 1998 

*C. Paul Bowden, District Attorney, Bradford R. Pierce, Assistant District Attorney*, for appellant.

*L. Clark Landrum*, for appellee.