## A09A1105. WILLIAMS v. THE STATE.
### (684 SE2d 430)

SMITH, Presiding Judge.

Tosha Mayuiorette Williams was indicted for malice murder, felony murder, and aggravated assault by running over her fiancé with an SUV. A jury acquitted her of malice murder and the lesser included offense of involuntary manslaughter, but found her guilty of felony murder, the lesser included offense of voluntary manslaughter, and aggravated assault. The trial court granted her motion for new trial on grounds of a *Batson* violation. As the State prepared for a retrial of the felony murder and aggravated assault charges, Williams filed a "Motion in Autrefois Convict and Plea of Former Jeopardy." The parties agree that this motion was denied, although no ruling appears in the record or transcript. When the case was called for trial, Williams entered a guilty plea to the charge of aggravated assault. The felony murder count was dead docketed.

Williams appeals from the trial court's judgment and sentence as well as from the denial of her plea of double jeopardy. In four related enumerations of error, she contends that the trial court erred by denying her plea of double jeopardy to the felony murder and aggravated assault charges.[1] According to Williams, the trial court's denial of her plea in bar forced her to choose between pleading guilty or trial. We disagree and affirm.

1. It is black-letter law that a defendant may not successfully move for a new trial and then plead double jeopardy:

> The rule applicable to this case is as follows: Where the verdict is not absolutely void and the defendant moves for and is granted a new trial, a plea of former jeopardy will not lie. A defendant waives the right to plead former jeopardy when he secures a new trial through his own efforts. . . . [R]eversal for trial error, as distinguished from evidentiary insufficiency, does not constitute a decision to the effect that

---

[1] In her reply brief, Williams withdrew the contention that the State retried her on the malice murder charge of which she was acquitted.

> the government has failed to prove its case. As such, it implies nothing with respect to the guilt or innocence of the defendant. Rather, it is a determination that a defendant has been convicted through a judicial process which is defective in some way. And, when the judicial process is defective in some fundamental respect such as incorrect jury instructions, the accused has a strong interest in obtaining a fair readjudication of his guilt free from error, just as society maintains a valid concern for insuring that the guilty are punished.

(Citations, punctuation and footnotes omitted.) *State v. Heggs*, 252 Ga. App. 865, 867 (558 SE2d 41) (2001). Based upon this well-established law, we conclude that Williams's double jeopardy claim has no merit.

2. Williams attempts to avoid application of this rule by arguing that her conviction for voluntary manslaughter precluded her retrial for aggravated assault. In support of this argument, she relies on *Edge v. State*, 261 Ga. 865 (414 SE2d 463) (1992), in which the Georgia Supreme Court held:

> Because the jury in this case convicted the defendant of both voluntary manslaughter and felony murder, it must be assumed the jurors found the underlying aggravated assault to be the product of provocation and passion. Thus, only the voluntary manslaughter conviction may stand.

Id. at 868 (2). From this, she argues that her conviction for aggravated assault cannot stand, because her conviction for voluntary manslaughter negates the required malice for aggravated assault. Therefore, Williams concludes, the jury in the first trial "impliedly acquitted" her of the aggravated assault charge.

Williams's interpretation of *Edge* is faulty for two reasons.

First, *Edge* is not a case involving the grant of a new trial, issues of double jeopardy, or aggravated assault, but rather a direct appeal of a conviction for both felony murder and voluntary manslaughter. There, the Georgia Supreme Court decided issues that were never reached in this case because of the grant of a new trial. It applied in *Edge* "a somewhat modified version of the 'merger doctrine,'" id. at 866 (2), reversing the felony murder conviction and remanding for sentencing for voluntary manslaughter. Nothing in *Edge* considered the propriety of a conviction for aggravated assault, which was not charged as a separate offense in that case. Here, the trial court properly held that the aggravated assault conviction merged with that for voluntary manslaughter, but this did not amount to an

acquittal of the charge of aggravated assault, as Williams contends. See, e.g., *Gentry v. State*, 212 Ga. App. 79, 83-84 (4) (441 SE2d 249) (1994) (trial court similarly merged conviction of aggravated assault into voluntary manslaughter conviction).

Second, Williams was not charged with aggravated assault under the malicious intent provision of OCGA § 16-5-21 (a) (1), as discussed in *Edge*. Instead, she was charged under the deadly weapon provision of subsection (a) (2).

> We recognize that while OCGA § 16-5-20 (a) (1) requires the defendant to act with a criminal intent in regard to the victim, subsection (a) (2) of that statute does not. There is an intent of the accused that must be shown, but it is only the criminal intent to commit the acts which caused the victim to be reasonably apprehensive of receiving a violent injury, not any underlying intent of the accused in assaulting the victim.

(Citations and punctuation omitted.) *Jackson v. State*, 276 Ga. 408, 412 (2), n. 5 (577 SE2d 570) (2003). Compare *Reddick v. State*, 264 Ga. App. 487, 493 (4) (591 SE2d 392) (2003) ("a charge of aggravated assault under OCGA § 16-5-21 based upon the 'intent to commit injury' provisions of OCGA § 16-5-20 (a) (1) requires a criminal intent that is fatally inconsistent with the negligence required by a charge of *reckless conduct*.") (emphasis supplied).

*Judgment affirmed. Phipps and Bernes, JJ., concur.*

DECIDED OCTOBER 6, 2009 — 

*Danielle P. Roberts, Tony L. Axam*, for appellant.
*Richard A. Mallard, District Attorney, Michael T. Muldrew, Keith A. McIntyre, Assistant District Attorneys*, for appellee.