## S10G0310. WILLIAMS v. THE STATE.
(700 SE2d 564)

THOMPSON, Justice.

After a jury trial, appellant Tosha Williams was acquitted of malice murder but found guilty of felony murder while in the commission of an aggravated assault, voluntary manslaughter, and aggravated assault. She was convicted and sentenced to 20 years imprisonment on the voluntary manslaughter charge. The jury's verdict on the felony murder charge was vacated pursuant to *Edge v. State*, 261 Ga. 865 (414 SE2d 463) (1992), and the aggravated assault conviction was merged into the conviction for voluntary manslaughter. See OCGA § 16-1-7. The trial court subsequently granted Williams' motion for new trial, finding, in relevant part, that the jury had been selected in violation of *Batson v. Kentucky*, 476 U. S. 79 (106 SC 1712, 90 LE2d 69) (1986). After the grant of her motion for new trial, Williams filed a plea in bar on double jeopardy grounds seeking to preclude a second prosecution on the charges of felony murder and aggravated assault. The trial court denied the plea, and the parties initiated jury selection. Before trial began, Williams pled guilty to aggravated assault and appealed the judgment and sentence, as well as the denial of her plea of double jeopardy. The Court of Appeals affirmed. See *Williams v. State*, 300 Ga. App. 305 (684 SE2d 430) (2009). We granted Williams' petition for certiorari to determine whether the Court of Appeals erred by affirming the denial of the plea in bar. We now reverse.

1. The Court of Appeals first rejected Williams' double jeopardy defense on its "merits," holding she was precluded from asserting a constitutional defense of double jeopardy to a second prosecution on the greater offense of felony murder because a defendant waives the right to plead former jeopardy when she secures a new trial through her own efforts. *Williams*, supra, 300 Ga. App. at 305-306. As a general rule, re-prosecution for the same crime based upon the same facts is not barred if subsequent proceedings resulted in the setting aside, reversal, or vacating of the conviction, unless the accused was adjudged not guilty or there was a finding that the evidence did not authorize the verdict. *Keener v. State*, 238 Ga. 7, 8-9 (230 SE2d 846) (1976); *Daniels v. State*, 165 Ga. App. 397 (1) (299 SE2d 746) (1983). See also OCGA § 16-1-8 (d) (2). This rule, however, has no application to the present case where Williams successfully appealed her conviction for voluntary manslaughter and faced retrial not only for the voluntary manslaughter charge but also for the greater offense of felony murder. As stated by the United States Supreme Court in *Green v. United States*, 355 U. S. 184, 193-194 (78 SC 221, 2 LE2d 199) (1957), "[c]onditioning an appeal of one offense on a coerced surrender of a valid plea of former jeopardy on another offense exacts

a forfeiture in plain conflict with the constitutional bar against double jeopardy." Accordingly, we find no waiver of Williams' right to plead double jeopardy.[1]

2. Williams contends her double jeopardy rights were violated when the State sought to retry her on charges of felony murder and aggravated assault because she was implicitly acquitted of these charges at the first trial. See *Edge*, supra. In the first trial, Williams was found guilty of felony murder, voluntary manslaughter, and aggravated assault. Applying the modified merger rule of *Edge*, the trial court vacated the jury's verdicts as to felony murder and aggravated assault and entered a judgment of conviction against Williams on the charge of voluntary manslaughter.

The Double Jeopardy Clause of the Fifth Amendment, applicable to the states through the Fourteenth Amendment, states that no person shall " 'be subject for the same offence to be twice put in jeopardy of life or limb.' " *Brown v. Ohio*, 432 U. S. 161, 164 (97 SC 2221, 53 LE2d 187) (1977). See 1983 Ga. Const., Art. I, Sec. I, Par. XVIII ("No person shall be put in jeopardy of life or liberty more than once for the same offense except when a new trial has been granted after conviction or in case of mistrial."). It protects criminal defendants from three governmental abuses: a second prosecution for the same offense after acquittal, a second prosecution for the same offense after conviction, and multiple punishments for the same offense. See *Brown*, supra, 432 U. S. 161, 165-166. "The prohibition is not against being twice punished, but against being twice put in jeopardy." *Price v. Georgia*, 398 U. S. 323, 326 (90 SC 1757, 26 LE2d 300) (1970) quoting *United States v. Ball*, 163 U. S. 662, 669 (16 SC 1192, 41 LE2d 300) (1896). Thus, a conviction or verdict of acquittal is an absolute bar to a subsequent prosecution for the same offense. *Green*, supra, 355 U. S. at 223-224. The issue in this case is whether application of *Edge* to a verdict of guilty for felony murder bars subsequent prosecution on the same felony murder charge.

In *Price*, the United States Supreme Court considered the somewhat related issue of whether double jeopardy precluded the State from retrying an accused for murder after an earlier guilty

---

[1] We note that Williams' plea of double jeopardy was not barred by her guilty plea on the charge of aggravated assault. See *Blackledge v. Perry*, 417 U. S. 21, 29-31 (94 SC 2098, 40 LE2d 628) (1974) (claims such as those based on constitutional double jeopardy, that go to "very power of the State to bring the defendant into court to answer the charge brought against him," survive entry of guilty plea); *Gerisch v. Meadows*, 278 Ga. 641 (2) (604 SE2d 462) (2004) (double jeopardy claim survives entry of guilty plea); *Addison v. State*, 239 Ga. 622, 624 (238 SE2d 411) (1977) (discussing *Blackledge*); *Hooten v. State*, 212 Ga. App. 770, 771 (1) (442 SE2d 836) (1994) (unconditional guilty plea generally does not preclude appeal grounded on "double jeopardy-type errors").

verdict on the lesser included offense of voluntary manslaughter had been set aside because of trial error. The jury's verdict in that case made no reference to the greater charge of murder. Applying fundamental principles of double jeopardy, the Court held that retrial was limited to the lesser included offense. Id. at 329. Its conclusion stemmed from its decision in *Green*, supra, in which the accused was tried and convicted of first-degree murder after an earlier guilty verdict on the lesser included offense of second-degree murder had been set aside on appeal. The Court determined in *Green* that the accused's jeopardy for first-degree murder came to an end when the jury was discharged at the end of his first trial. This conclusion was based on two premises: (1) the first jury's verdict of guilty on the second-degree murder charge was an implicit acquittal on the charge of first-degree murder, and (2) the accused's jeopardy on the greater charge ended when the first jury "was given a full opportunity to return a verdict" on that charge and instead reached a verdict on the lesser charge. *Green*, supra, 355 U. S. at 191. Finding no relevant factual distinction between the two cases, the Court applied the rationale of *Green* in *Price* and determined that double jeopardy precluded Price's retrial after the jury's implicit acquittal because the jury had been given a full opportunity to return a verdict on the greater charge.

Although *Green* and *Price* do not specifically address the issue before this Court, whether Williams may be retried on the felony murder charge after application of *Edge*, the principles underlying these decisions are equally applicable here. Clearly double jeopardy would have allowed Williams to be retried on the charge of voluntary manslaughter after her conviction for that offense in the first trial because her jeopardy for that charge did not come to an end when the first jury was discharged. With regard to the felony murder charge, however, Williams was placed in jeopardy and the jury was given a full opportunity to return a verdict on that charge, which it did. Although no judgment of conviction or sentence was entered on the jury's verdict of guilt on the charge of felony murder after the trial court's application of *Edge*, Williams was placed in jeopardy of conviction of this charge in the first trial and could not, consistent with the Fifth Amendment's double jeopardy clause, be placed at risk of conviction again. We find no meaningful distinction between an implicit acquittal based on a guilty verdict for a lesser included offense as in *Price* and the vacation of a verdict under *Edge*'s modified merger rule. In both cases the accused is placed in jeopardy, the jury is given a full opportunity to return a verdict on the greater charge, and the verdict rendered results in no conviction being entered. In both cases there can be no appeal because the accused's jeopardy has ended, and in both cases double jeopardy prevents

retrial. See *Ball*, supra, 163 U. S. 662, 671 ("verdict of acquittal, although not followed by any judgment, is a bar to a subsequent prosecution for the same offence"); *Potts v. State*, 258 Ga. 430, 431 (1) (369 SE2d 746) (1988) ("jeopardy for an offense ends after a jury convicts a defendant of a lesser-included offense, if the court has given the jury a full opportunity to return a verdict on the greater offense and no extraordinary circumstances have prevented the jury from doing so"). See also *Price*, supra at 329 (makes no difference for purposes of double jeopardy whether accused is convicted or not as it "is written in terms of potential or risk of trial and conviction, not punishment"); *Redd v. State*, 242 Ga. 876 (6) (252 SE2d 383) (1979) (same).

In finding *Edge* inapplicable to the present case, the Court of Appeals too narrowly limited application of our modified merger rule to cases on direct appeal and involving only charges of felony murder and voluntary manslaughter, thereby distinguishing the present case because a new trial was granted and it included a separate charge of aggravated assault. See *Williams*, supra, 300 Ga. App. at 306-307. The rule of *Edge*, which speaks to the validity of a verdict on a charge of felony murder where the jury also finds the accused guilty of voluntary manslaughter, is effective at the time the jury renders its verdict and is not destroyed by the granting of a motion for new trial on the voluntary manslaughter charge. Likewise, the presence or absence of a separate charge of aggravated assault in the indictment has no effect on a court's application of the modified merger rule. While the existence of a separate aggravated assault charge must be carefully considered in applying *Edge* and making determinations as to proper sentencing, its existence does not render *Edge* inapplicable. See *Edge*, supra at 867-868 (holding of *Edge* applicable only where aggravated assault is perpetrated against the homicide victim and is integral part of the killing and evidence authorizes voluntary manslaughter charge); *Lindsey v. State*, 262 Ga. 665 (1) (424 SE2d 616) (1993) (felony murder conviction vacated under *Edge* where verdict unclear as to which of four separate aggravated assault charges served as underlying felony). Because the aggravated assault charge in this case was perpetrated against the victim and was an integral part of the homicide and the evidence authorized a charge on voluntary manslaughter, we find the Court of Appeals erred by failing to consider the implications of *Edge* when reviewing Williams' double jeopardy claim.

Nor can we agree with the Court of Appeals' conclusion that *Edge* does not apply where the accused is charged with aggravated assault under the deadly weapon provision of OCGA § 16-5-21 (a) (2). Nothing in *Edge* or subsequent case law suggests an intention to limit application of the modified merger rule to charges brought

under subsection (a) (1) of OCGA § 16-5-21,[2] the aggravated assault statute. Moreover, the indictment in this case makes clear that the State charged Williams with aggravated assault with a deadly weapon by "attempt[ing] to commit a violent injury to the person of another" under OCGA § 16-5-20 (a) (1), the violent injury subsection of the simple assault statute.[3] Because a verdict of guilty as to aggravated assault based on OCGA § 16-5-20 (a) (1) requires a finding of intent to inflict injury, *Dryden v. State*, 285 Ga. 281, 282 (676 SE2d 175) (2009), if the jury finds the accused guilty of voluntary manslaughter it necessarily finds mitigation by provocation and the absence of the necessary criminal intent. See *Flores v. State*, 277 Ga. 780, 784 (596 SE2d 114) (2004) and *Jackson v. State*, 276 Ga. 408, 411-412 (577 SE2d 570) (2003) (proof of criminal intent necessary to obtain conviction for aggravated assault with a deadly weapon based upon OCGA § 16-5-20 (a) (1)). Just as in *Edge*, under these circumstances Williams' felony assault conviction cannot support a felony murder conviction because there is no intent to be transferred. See *Edge*, supra at 866.

Accordingly, the State's re-prosecution of Williams for felony murder was barred by double jeopardy after the jury found her guilty of the voluntary manslaughter of the same victim.[4] A second prosecution on the aggravated assault charge was barred by double jeopardy because it served as the underlying offense to the felony murder charge and is a lesser included offense of felony murder. See *Perkinson v. State*, 273 Ga. 491, 494 (542 SE2d 92) (2001) (underlying felony of a felony murder conviction is lesser included offense of the felony murder). The State argues that any harm caused by the double jeopardy violation was negated by Williams' voluntary guilty plea to the charge of aggravated assault after the first trial and while she was facing a second trial on charges of felony murder, voluntary manslaughter and aggravated assault. We disagree. "To be charged and to be subjected to a second trial for [a greater offense] is an ordeal not to be viewed lightly." *Price*, supra, 398 U. S. at 331. The consequences in terms of both penalty and stigma to Williams as she faced a second trial on charges of felony murder, voluntary manslaughter, and

---

[2] OCGA § 16-5-21 reads, in relevant part:
    (a) A person commits the offense of aggravated assault when he or she assaults:
       . . .
    (2) With a deadly weapon or with any object, device, or instrument which, when used offensively against a person, is likely to or actually does result in serious bodily injury. . . .

[3] OCGA § 16-5-20 (a) (1) provides that a person commits the offense of simple assault when he or she "[a]ttempts to commit a violent injury to the person of another. . . ."

[4] The State, of course, remains free to retry Williams on the voluntary manslaughter charge inasmuch as her jeopardy for that charge did not end. See *Green*, supra, 355 U. S. at 189; *Keener*, supra, 238 Ga. at 8-9.

aggravated assault are significantly different than those had she faced retrial only on the charge of voluntary manslaughter, and under these circumstances we cannot determine whether the additional charges induced Williams to plead guilty to the lesser offense of aggravated assault. See *Price*, id. at 331-332. The decision of the Court of Appeals upholding the denial of Williams' plea in bar on grounds of double jeopardy must, therefore, be reversed.

*Judgment reversed. All the Justices concur.*

DECIDED OCTOBER 4, 2010.

*Danielle P. Roberts, Tony L. Axam*, for appellant.
*Richard A. Mallard, District Attorney, Michael T. Muldrew, Keith A. McIntyre, Assistant District Attorneys*, for appellee.