**SECOND DIVISION**
**BARNES, P. J.,**
**MILLER, and RAY, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received*** **in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**June 19, 2013**

# In the Court of Appeals of Georgia

A13A0521. THE STATE v. WILLIAMS.

BARNES, Presiding Judge.

After Tosha Williams was found guilty of voluntary manslaughter as a lesser included offense of malice murder, the trial court granted her a new trial. William's subsequent plea in bar was denied, and she pled guilty to aggravated assault. Her conviction for aggravated assault and the denial of her plea in bar were overturned on appeal. See *Williams v. State*, 288 Ga. 7 (700 SE2d 564) (2010). Following remittitur, she contended that the State was barred from retrying her for voluntary manslaughter. The trial court subsequently dismissed the indictment against Williams. The State appeals. Although prosecution of Williams for malice murder, felony murder, and aggravated assault is barred by double jeopardy, and these are the only offenses specified in the indictment, the State contends that Williams's previous acquittal of malice murder did not bar her retrial for the lesser included offense of

voluntary manslaughter using the original indictment. For the reasons set forth below, we agree and reverse.

This case has a convoluted procedural history. The record shows that the Jenkins County grand jury indicted Williams for committing the crimes of malice murder, felony murder, and aggravated assault by running over her fiancé with a motor vehicle on August 29, 2004. Following a jury trial, Williams was found guilty of voluntary manslaughter, felony murder, and aggravated assault. The jury also found Williams not guilty of malice murder and involuntary manslaughter. The trial court sentenced Williams to serve 20 years for voluntary manslaughter. The trial court vacated the jury's verdict on felony murder in light of the modified merger rule adopted in *Edge v. State*, 261 Ga. 865 (414 SE2d 463) (1992), and it merged the aggravated assault conviction into the voluntary manslaughter conviction. See OCGA § 16-1-7.

The trial court subsequently granted Williams's motion for a new trial because it concluded that the jury had been selected in violation of *Batson v. Kentucky*, 476 U.S. 79 (106 SCt 1712, 90 LE2d 69) (1986). Before the retrial, Williams filed a plea in bar arguing, among other things, that a second trial on the offenses of felony murder and aggravated assault was barred by double jeopardy. The trial court denied

the plea in bar, after which Williams pled guilty to aggravated assault and then appealed the judgment and sentence, as well as the denial of her plea of double jeopardy. We affirmed in *Williams v. State*, 300 Ga. App. 305 (684 SE2d 430) (2009).

Our Supreme Court granted certiorari to determine whether this Court erred in affirming the trial court's denial of Williams's plea in bar, and it reversed the decision of this Court. See *Williams*, 288 Ga. at 12 (2). The Supreme Court concluded that "[c]learly double jeopardy would have allowed Williams to be retried on the charge of voluntary manslaughter after her conviction for that offense in the first trial because her jeopardy for that charge did not come to an end when the first jury was discharged." Id. at 9 (2). Nevertheless, our Supreme Court ruled, "the State's re-prosecution of Williams for felony murder was barred by double jeopardy after the jury found her guilty of the voluntary manslaughter of the same victim. A second prosecution on the aggravated assault charge was barred by double jeopardy because it served as the underlying offense to the felony murder charge and is a lesser included offense of felony murder." Id. at 11 (2).

In light of our Supreme Court's decision, this Court vacated its previous opinion and adopted the judgment of the Supreme Court as the opinion of this Court.

3

Following remittitur to the trial court, Williams moved to dismiss the indictment. The trial court granted the motion, and the State appeals.

Consistent with her argument below, Williams demurs to the form of the indictment, arguing that there is no offense remaining in the indictment upon which to proceed to trial because she cannot not be prosecuted for the charged offenses of malice murder, felony murder, and aggravated assault, and because the indictment did not set forth the elements of voluntary manslaughter. She acknowledges that in reversing the decision of this Court, our Supreme Court expressly noted that "[t]he State of course[] remains free to retry Williams on the voluntary manslaughter charge inasmuch as her jeopardy for that charge did not end." *Williams*, 288 Ga. at 11, n. 4. Nevertheless, she argues, the Supreme Court's finding goes only to the question of continuing jeopardy and not whether the State may actually proceed with a prosecution given the form of the indictment and given that the four-year statute of limitations for voluntary manslaughter expired in 2008. The State's position is that the original indictment is sufficient to proceed to a trial on a charge of voluntary manslaughter as the lesser included offense of murder and that a conviction under the original indictment is not barred by the expiration of any statute of limitations. We agree with the State.

4

As we have said, "an acquittal on a greater offense does not preclude a retrial on a lesser offense to which continuing jeopardy has attached[.]" (Citation and punctuation omitted.) *State v. Archie*, 230 Ga. App. 253, 253-254 (495 SE2d 581) (1998). Here, Williams remains in jeopardy for voluntary manslaughter. *Williams*, 288 Ga. at 9 (2). And the established rule is that her "acquittal on the indicted offense of murder would not bar retrial on the lesser included unindicted offense of voluntary manslaughter *using the same indictment*, as long as the next jury does not know about the murder charge." (Footnote and punctuation omitted; emphasis supplied.) *Roesser v. State*, 316 Ga. App. 850, 856 (1) (730 SE2d 641) (2012). Accord *Archie*, 230 Ga. App. at 255; *Harrison v. State*, 143 Ga. App. 883, 885 (1) (240 SE2d 263) (1977) (discussing "procedural solution[s]" for new trials on lesser included offenses after a defendant has been found not guilty of murder, yet convicted of a lesser offense). Further, "[t]he provisions of the statute of limitations applicable to an indictment for voluntary manslaughter will not bar a conviction of that offense under an indictment for murder; there being no statutory limitation as to indictments for murder." (Citation, punctuation, and emphasis omitted.) *State v. Jones*, 274 Ga. 287, 289 (2) (553 SE2d 612) (2001). Accord *Manning v. State*, 123 Ga. App. 844 (1) (b) (182 SE2d 690) (1971). It follows that so long as the next jury does not know about the

murder charge, Williams may be retried for the lesser included offense of voluntary manslaughter using the original indictment and, as that indictment was for murder, the statutory limitation applicable to an indictment for voluntary manslaughter is not a bar to a conviction. Further, notwithstanding Williams's efforts to distinguish it, this appeal must be considered in the context of our Supreme Court's statement that the State "remains free to retry Williams on the voluntary manslaughter charge." *Williams*, 288 Ga. at 11, n. 4. We find, therefore, that the trial court erred in dismissing the indictment.

*Judgment reversed. Miller and Ray, JJ., concur.*