### 43369. STATE HIGHWAY DEPARTMENT v. SMITH.

DEEN, Judge. 1. The judgment appealed from states: "After hearing argument of counsel for both parties, the court hereby sustains ground 4 of the motion for new trial." In the present state of the law, our first decision must be whether this court, on the first grant of a new trial, may limit its review to the question of law raised by this special ground, or whether no reversal may be had unless it appears that a contrary verdict is demanded by the evidence as a whole. *Code Ann.* § 6-1608 is based on Ga. L. 1959, p. 353, which the Supreme Court construed in *CTC Finance Corp. v. Holden,* 221 Ga. 809 (147 SE2d 427) to have been ineffective for its purpose. "Section 6-1608 of the Official Code was not repealed thereby." Id., p. 811. Under this section, the first grant of a new trial, even though solely on a special ground raising only a question of law, would not be reversed unless the verdict rendered was demanded by the evidence. *Cox v. Grady,* 132 Ga. 368 (64 SE 262); *Mobley v. Bell,* 177 Ga. 876 (1) (171 SE 701). These decisions are based on the premise that the appellate court should inquire whether the trial judge was right in granting the new trial, notwithstanding his reason for doing so might have been incorrect. In the present case, however, the appellant expressly abandoned both the general and all other special grounds of the motion at the time the court passed upon it, leaving the issue of new trial *vel non* to be determined solely on the issue presented by ground 4. Since under these facts the trial judge could not, even had he wished, grant a new trial on any other point, and since he had no discretion in the matter after the general grounds were abandoned, it is the duty of this court to review the issue as raised by the parties and decided by the court.

2. A motion to set aside a verdict on the ground that one of the jurors was not a resident of the county at the time of the trial raises an objection *propter defectum,* and arises too late after the verdict, though the movant did not know the fact alleged until after the verdict. *Brown v. State,* 105 Ga. 640 (1) (31 SE 557); *Taylor v. Warren,* 175 Ga. 800 (3) (166 SE 225); *Trammell v. State,* 183 Ga. 711 (5) (189 SE 529).

The appellee contends this rule should not be applied in the present case because counsel was misled by knowledge of the existence of a questionnaire sent by the court to all prospective jurors prior to the drawing of the panel for the term, in which questionnaire the juror had filled in the blank stating "6. Length of Residence in Catoosa County" with words "Approx. 15 years." This is not, of course, a statement that the prospective juror was a resident of Catoosa County at the time of the summons to jury duty, although it was doubtless intended by the maker of the form to be such. The stipulation of fact on which the new trial was granted states: "Two days [after rendition of this verdict] the juror was being questioned specifically as to his place of residence by counsel in another case and it was discovered that the juror was a resident of Walker County rather than Catoosa County." The same procedure might indubitably have been adopted in the case at bar, had appellee so desired.

The trial court erred in granting a new trial solely because one of the jurors was a nonresident of the county, no objection having been taken prior to verdict.

*Judgment reversed. Jordan, P. J., and Pannell, J., concur.*

SUBMITTED JANUARY 15, 1968—DECIDED FEBRUARY 9, 1968.

*Arthur K. Bolton, Attorney General, Richard L. Chambers, Assistant Attorney General, F. H. Boney, Deputy Assistant Attorney General,* for appellant.

*Joe B. Tucker,* for appellee.