## 43022. GILSTRAP v. THE STATE.
### (342 SE2d 667)

BELL, Justice.

Appellant Eugene Gilstrap, Jr., appeals from convictions of malice murder and aggravated assault. An earlier judgment was reversed on evidentiary grounds. *Gilstrap v. State,* 250 Ga. 814 (301 SE2d 277) (1983) (hereinafter, *"Gilstrap I"*). For the facts of this case antedating the first appeal, see *Gilstrap I.* On remand from our reversal of his first convictions appellant was again found guilty. He now appeals from that second judgment.[1] His counsel has filed four enumerations of error, and appellant has filed a separate pro se document which appears to raise two additional enumerations. We affirm.

*Enumerations by Gilstrap's counsel*

1. In his first enumeration Gilstrap contends that the showup identification at the crime scene violated his Sixth Amendment right to counsel, and, in addition, that the showup identification was suggestive and susceptible to the danger of mistaken identification and thereby violated due process. These issues were resolved in *Gilstrap I,* supra, 250 Ga. (1) at 816, and will not be reconsidered here.

2. In his second enumeration Gilstrap argues that a photo array which was displayed to the eyewitness, Cora Sharp, on November 7, 1981, was improperly withheld from the defense. Specifically, Gilstrap alleges that he filed a pretrial notice to produce pursuant to OCGA § 24-10-26, and that the failure to produce the array before it was intro-

---

[1] The crimes occurred on November 7, 1981. A Fulton Superior Court grand jury returned its indictment on December 4, 1981. On April 5, 1983, this court reversed appellant's first conviction. On remand, the trial jury returned its verdict on August 18, 1983, and on August 19 appellant was sentenced to life imprisonment for the murder and a concurrent sentence of 10 years for the aggravated assault. On August 25, 1983, appellant filed a motion for new trial. The court reporter certified the transcript as ready on August 30, 1984, and on October 14, 1985, the motion for new trial was denied. A notice of appeal was filed on July 23, 1985, and on December 18, 1985, the appeal was docketed in this court. Oral arguments were heard by this court on February 11, 1986.

duced at trial constituted a violation of § 24-10-26.

We find no error. In *Sims v. State*, 251 Ga. 877, 879-880 (4) (311 SE2d 161) (1984), we held that "[w]hile the notice to produce provisions of OCGA § 24-10-26 (Code Ann. § 38-801) are applicable to criminal cases, *Brown v. State*, 238 Ga. 98, 101 (231 SE2d 65) (1976), a '*notice to produce* cannot be used to enable defense counsel to examine, in advance of trial or evidentiary hearing, the contents of the district attorney's file.' *Wilson v. State*, 246 Ga. 62, 64-5 (268 SE2d 895) (1980). In a criminal case a notice to produce pursuant to OCGA § 24-10-26 (Code Ann. § 38-801) may compel the production of books, documents or tangible things in the State's possession 'where such books, etc., would be admissible and *are needed for use as evidence on behalf of the defendant.*' 246 Ga. at 64 (Emphasis supplied.)" Here, the array and the identification pursuant to it were used as evidence on behalf of the state, and were not needed by Gilstrap as evidence in support of his defense.

3. Appellant also contends in his second enumeration that evidence of the November 7, 1981, out-of-court photo display and identification should have been excluded because the display was impermissibly suggestive and there was a very substantial likelihood of misidentification.

During the trial the court held a hearing out of the jury's presence to determine the admissibility of the photo display and identification. In the course of that hearing Cora Sharp testified that on November 7, 1981, the day of the crimes, she was taken to a police station after Gilstrap was arrested. At the station she picked out Gilstrap's picture from a photo display. Sharp further testified that on November 13, 1981, she had again viewed the array and identified the defendant. She testified that during the display a detective pointed to Gilstrap's picture and another picture and asked her to compare them. At the close of the hearing the court denied the defendant's motion to suppress, ruling that the photographic displays had not been impermissibly suggestive.

The appellant now argues that the November 7, 1981, photo display was suggestive in two respects. His first contention concerns the fact that the array was displayed within hours of the crime scene showup. Gilstrap argues that the presentation of the spread so soon after the showup was "questionable." We disagree, for the chronological proximity of the photo display to the crimes was a factor which militated in favor of an accurate identification.

Gilstrap's second contention is that the November 7, 1981, display was suggestive in that the police pointed out appellant's picture and asked Sharp to compare it with another photograph, thereby suggesting that she should choose appellant's picture. However, this argument confuses the November 7, 1981, display with the display of

November 13, 1981. Sharp testified that the police pointed out the appellant's picture during the November *13*, 1981, display. Gilstrap's second enumeration does not address that display; therefore, this contention presents nothing for us to review.

4. In his third enumeration Gilstrap contests the sufficiency of the evidence. We find that the evidence was sufficient to authorize a rational trier of fact to conclude that the appellant was guilty beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

5. Gilstrap's fourth enumeration is that the trial court erred by refusing to grant a new trial based on a post-trial polygraph test which had been administered to appellant. The court refused to consider the testimony of the polygraph operator who administered the test when the operator's testimony was offered at the new trial hearing. Gilstrap asserts that the court's refusal to consider the testimony was error, as it would have impeached Cora Sharp's credibility.

Our examination of the record shows that on June 26, 1985, a consent order was filed which recited that counsel for both parties had consented to a polygraph examination of Gilstrap. The order further directed the authorities holding custody of Gilstrap to allow and arrange accommodations for the polygraph examination. We construe this consent order as merely evidencing the state's consent to the *administration* of the examination. There is nothing in the order to indicate that the state expressly stipulated to the admissibility of the *results* of the examination. Thus, the court did not err by refusing to consider the results of the polygraph test. *State v. Chambers*, 240 Ga. 76 (239 SE2d 324) (1977).

### *Enumerations by Gilstrap pro se*

6. In his pro se supplement to his counsel's appeal on his behalf Gilstrap contends that his second trial violated guarantees against double jeopardy.[2] We find no error, since his "failure to file a written plea in bar before his second trial operates as a waiver of his subsequent challenge on double jeopardy grounds." *McCormick v. Gearinger*, 253 Ga. 531, 534 (3) (322 SE2d 716) (1984).

7. Gilstrap also contends pro se that he was denied effective assistance of counsel. This contention does not appear to have been raised below, and, moreover, Gilstrap's present counsel also represented him at trial. We therefore will not address the merits of this enumeration

---

[2] Gilstrap's pro se document is somewhat difficult to decipher, but it appears that he may be relying on OCGA Ch. 16-1. Whatever the ground of his double jeopardy enumeration, his right to raise it on appeal was waived by the failure to raise it in a timely fashion in the trial court.

at this time. Cf. *Smith v. State*, 255 Ga. 654 (3) (341 SE2d 5) (1986) (case remanded for determination of effectiveness of trial counsel where appellant obtained new counsel after trial).

*Judgment affirmed. All the Justices concur. Hunt, J., not participating.*

DECIDED APRIL 24, 1986 —
RECONSIDERATION DENIED MAY 28, 1986.

*Axam & Altman, Tony L. Axam,* for appellant.
*Lewis R. Slaton, District Attorney, Benjamin H. Oehlert III, Ralph H. Hicks, Assistant District Attorneys, Michael J. Bowers, Attorney General, Dennis R. Dunn, Staff Assistant Attorney General,* for appellee.