45261. POTTS v. THE STATE.
(369 SE2d 746)

BELL, Justice.

This appeal presents an issue of procedural double jeopardy under the Fifth and Fourteenth Amendments and the 1983 Ga. Const., Art. I, Sec. I, Par. XVIII. In 1975, the defendant, Jack How-

---

ard Potts, was convicted in Cobb Superior Court of certain criminal offenses. His sentences included two death sentences. This court affirmed his convictions, reversed one of the death sentences, and affirmed the remaining death sentence, which the jury had based on the third count of the indictment. *Potts v. State*, 241 Ga. 67 (243 SE2d 510) (1978). The United States Court of Appeals for the Eleventh Circuit subsequently ordered new guilt-innocence and sentencing trials on Count Three. *Potts v. Zant*, 734 F2d 526 (11th Cir. 1984).

On remand, Potts filed a plea of former jeopardy concerning Count Three, which charges him with the offense of kidnapping with bodily injury. OCGA § 16-5-40. He contended that the state could retry him for the lesser offense of kidnapping, id., but not for kidnapping with bodily injury. He argued that the verdict on Count Three had been an implied acquittal of kidnapping with bodily injury. See *Green v. United States*, 355 U. S. 184 (78 SC 221, 2 LE2d 199) (1957); *Price v. Georgia*, 398 U. S. 323 (90 SC 1757, 26 LE2d 300) (1970). The superior court denied his plea, and he appealed. We affirm, for the reasons that follow.

1. The *Green* and *Price* cases control our determination of this issue. In them, the United States Supreme Court held that jeopardy for an offense ends after a jury convicts a defendant of a lesser-included offense, if the court has given the jury a full opportunity to return a verdict on the greater offense and no extraordinary circumstances have prevented the jury from doing so. *Green*, supra, 355 U. S. at 190-191; *Price*, supra, 398 U. S. at 328-329. See LaFave & Israel, Criminal Procedure Vol. 3, Sec. 24.4 (c), pp. 93-95 (West 1984 & 1988 Pocket Part).

Relying on the *Green-Price* rule, Potts asserts that his jury impliedly acquitted him of the greater offense of kidnapping with bodily injury, by convicting him of the lesser-included offense of kidnapping. However, we find that this contention has no merit. We have two reasons for this finding. One reason is that an unambiguous conviction of a lesser-included offense is a necessary predicate for application of the *Green-Price* rule. In *Potts v. Zant*, supra, 734 F2d at 530, the Court of Appeals for the Eleventh Circuit concluded that the verdict on Count Three was ambiguous. Our review of the record of Potts' trial likewise leads us to conclude that the verdict on Count Three was ambiguous.

Our second reason is that the *Green-Price* rule does not apply unless the trial court gives the jury a full opportunity to return a verdict on the greater charge. The record of Potts' trial shows that the court did not give the jury a full opportunity to convict Potts of kidnapping with bodily injury.

In the next division of this opinion, we summarize the facts upon which we base our finding that the *Green-Price* rule does not require

granting Potts' plea.

2. The grand jury for the September-October term of Cobb Superior Court indicted Potts on November 6, 1975. The indictment has four counts. The third count alleges as follows:

> And the Grand Jurors aforesaid in the name and behalf of the citizens of Georgia, further charge the accused with the offense of FELONY for that the said accused on the 8th day of May, 1975, in the County aforesaid with force and arms did unlawfully then and there abduct Michael D. Priest, a person, without lawful authority and held such person against his will and did kill the said Michael D. Priest by shooting him with a certain pistol; the said killing of Michael D. Priest having occurred while in the unlawful custody of the accused in Forsyth County, Georgia, and the said Michael D. Priest having remained in the unlawfully [sic] custody of the accused from the time of his abduction in Cobb County, Georgia, until the time of his homicide in Forsyth County, Georgia, contrary to the laws of this State, the good order, peace and dignity thereof.

The language of this count accuses Potts of kidnapping with bodily injury. The count does not expressly refer to that offense, but it describes conduct that satisfies the elements of that offense.[1]

After the close of evidence in the guilt-innocence phase of the trial, the court read Count Three to the jury, and subsequently instructed that:

> Members of the jury, Count Three of this indictment charges kidnapping, and at this time I instruct you a person commits kidnapping when he abducts or steals away any person without legal authority or warrant and holds such person against his or her will.

---

[1] At the date of the indictment, Code 1933 § 26-1311, Ga. L. 1968, pp. 1249, 1282, defined the offenses of kidnapping and kidnapping with bodily injury:
(a) A person commits kidnapping when he abducts or steals away any person without lawful authority or warrant and holds such person against his will.
(b) . . .
    A person convicted of kidnapping shall be punished by imprisonment for not less than one nor more than 20 years: . . . *provided . . . that if the person kidnapped shall have received bodily injury, the person convicted shall be punished by life imprisonment or by death.*
(Emphasis supplied.)
    OCGA § 16-5-40, Ga. L. 1982, pp. 970-971, presently defines the offenses of kidnapping and kidnapping with bodily injury. The corresponding language of § 16-5-40 is not materially different from the language of former § 26-1311.

The court thus instructed the jury on the offense of kidnapping. However, the court did not instruct on the greater offense of kidnapping with bodily injury.

At the end of its instructions, the court told the jury that:

> If you find and believe that the defendant is guilty of any of the counts of this Bill of Indictment, the form of your verdict would be: "We, the jury, find the defendant guilty as to Counts—" and insert any one or more of the counts upon which you find the defendant to be guilty.

> If you acquit the defendant or you do not believe him guilty of any one or more of the counts of this indictment, then the form of your verdict would be: "We, the jury, find the defendant not guilty on Counts —" and there you would insert any number of the counts that you found him not guilty of.

After the court completed the charge, it provided the jury with a typed verdict form, which had four paragraphs. The third paragraph stated as follows: "We, the jury, find the defendant _____ as to Count Three, *Kidnapping*." (Emphasis supplied.) The verdict form did not mention kidnapping with bodily injury. The jury returned its verdict on Count Three by writing in longhand the word "Guilty" in the underlined blank space of the third paragraph of the verdict form.

3. In *Potts v. Zant*, supra, 734 F2d at 530, the Court of Appeals for the Eleventh Circuit found that "there is some degree of uncertainty as to what the Cobb County jury intended to find with regard to the kidnapping charge . . . ." We concur in the Eleventh Circuit's estimation that the verdict on Count Three was ambiguous.

Some of the circumstances we have described in Division 2, supra, suggest that the jury meant to find Potts guilty of kidnapping: The court told the jury that Count Three accused Potts of kidnapping; the court did not define or otherwise mention bodily injury; and the last word of the verdict characterized Count Three as kidnapping.

However, another circumstance suggests that the jury could have meant to find Potts guilty of the entire offense described in Count Three — kidnapping with bodily injury. The circumstance is that the verdict, in addition to stating that the jury found Potts guilty of kidnapping, stated that the jury found Potts "guilty as to Count Three . . . ."

In light of these conflicting circumstances, we conclude that the verdict is opaque, and thus that it does not support an inference that the jury intended to find Potts guilty of either kidnapping or kidnapping with bodily injury. We therefore hold that a necessary premise

for application of the *Green-Price* rule — an unambiguous conviction of the lesser-included offense — is not present.

4. Moreover, a second condition for imposition of the *Green-Price* rule — a full opportunity for the jury to consider the greater offense — is absent. A jury does not have a full opportunity to consider a greater offense if the court does not fully instruct the jury on the distinction between the greater and lesser offenses. During Pott's guilt-innocence trial, the court did not define kidnapping with bodily injury, mention the offense of kidnapping with bodily injury by name, or otherwise alert the jury to the existence of the two separate offenses.

Furthermore, a jury does not have a full opportunity if the court restricts the jury's freedom to choose between the greater and lesser offenses. Pott's jury did not have the option of choosing between kidnapping with bodily injury and kidnapping. The court compelled the jury to use an ambiguous verdict form that did not distinguish the two offenses and that did not provide an opportunity to choose between them.

5. Having examined the circumstances of this case in the light of the holdings of the United States Supreme Court in *Green* and *Price*, we conclude that Potts' jury at the first trial of his case did not impliedly acquit him of the offense of kidnapping with bodily injury. The current trial court did not err by denying Pott's plea of double jeopardy.

*Judgment affirmed. All the Justices concur.*

DECIDED JULY 7, 1988 —
RECONSIDERATION DENIED JULY 29, 1988.

*Jimmy D. Berry,* for appellant.

*Thomas J. Charron, District Attorney, Debra H. Bernes, Assistant District Attorney, Michael J. Bowers, Attorney General,* for appellee.

