## S92A0624. WILLINGHAM v. THE STATE.
(418 SE2d 25)

BENHAM, Justice.

This appeal is from appellant's convictions for murder, armed robbery, theft by taking, and arson.[1] The State's evidence showed

---

[1] The offenses occurred on March 17, 1990, in Henry County. Appellant was indicted on May 11, 1990, in five counts: malice murder; felony murder; armed robbery; theft by taking; and arson. The State abandoned the felony murder count during the trial which began October 15, 1990, and concluded October 17, 1990, with verdicts of guilty on the other four counts. He was sentenced to life imprisonment for murder; life imprisonment for armed robbery, consecutive to the murder sentence; 20 years to serve for theft by taking; and 20 years to serve for arson. Appellant's notice of appeal was filed on November 15, 1990; his appeal was docketed in this court on November 15, 1992; and the appeal was submitted for decision

that appellant shot his father in the back of the head five times,[2] took money and jewelry from him, poured kerosene on the body and around the house, and then drove to Alabama with his girl friend in his father's car.

1. In his first enumeration of error, appellant contends the trial court erred in permitting a witness to testify in violation of the rule of sequestration. The trial court's ruling that a violation of the rule did not make the witness incompetent and its instruction that the jury was authorized, in weighing the witness' testimony, to take into consideration the fact that the witness was present during the testimony of other witnesses were in perfect accord with this court's holding in *Blanchard v. State*, 247 Ga. 415 (1) (276 SE2d 593) (1981). We find no error in permitting the witness to testify.

2. In three enumerations of error, appellant contests the sufficiency of the evidence to support his convictions.

(a) The armed robbery count of the indictment alleged that appellant took a gold nugget ring and a gold nugget watch from the victim. Appellant contends that there was no evidence at trial that the victim had those items in his possession on the date the crimes occurred. However, another son of the victim testified that the jewelry items recovered when appellant was arrested, which matched the description in the indictment, belonged to the victim and that he wore them. Appellant's girl friend testified that shortly after hearing a series of gunshots, she saw appellant standing in the victim's bedroom in front of the victim's dresser holding the watch and the ring. That testimony, coupled with the evidence that appellant shot his father, was sufficient to prove the armed robbery charge. *Moore v. State*, 233 Ga. 861 (2) (b) (213 SE2d 829) (1975).

(b) The theft by taking count alleged that appellant took an automobile which was the property of the victim. Appellant contends that the State's failure to prove that the victim was the owner of the car, when considered with evidence that someone else owned the car, entitled appellant to a directed verdict of acquittal on that charge. The Court of Appeals, in *Hall v. State*, 132 Ga. App. 612 (208 SE2d 621) (1974), stated two principles pertinent to this issue: that lawful possession of property is sufficient, for the purposes of the theft statute, to make the property in question the property of the victim; and that a thief cannot question the title of an apparent owner. Testimony at trial established that although the victim had transferred title to the car to another, it was lawfully in his possession at the time of his murder. It follows, then, that the evidence at trial was sufficient

on April 10, 1992.

[2] The weapon was a .22 cal. rifle which was not recovered.

to support the theft by taking conviction.

(c) Finally, appellant urges that the evidence at trial was inadequate because appellant swore he did not commit the offenses and the testimony of the two witnesses who most incriminated him was not worthy of belief. Although appellant offers reasons why the two key witnesses should not be believed, that is a matter of credibility for the jury to decide. *Moore v. State*, 255 Ga. 148 (335 SE2d 868) (1985). The evidence presented at trial was sufficient to authorize a rational trier of fact to find appellant guilty beyond a reasonable doubt of all four offenses. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. All the Justices concur.*

DECIDED JULY 8, 1992.

*James P. Brown, Jr.,* for appellant.

*Tommy K. Floyd, District Attorney, Marie R. Banks, Assistant District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Mary H. Hines, Staff Attorney,* for appellee.