A92A1145. BUSBEE v. THE STATE.
(423 SE2d 3)

CARLEY, Presiding Judge.

Appellant was tried before a jury and found guilty of criminal trespass. She appeals from the judgment of conviction and sentence entered by the trial court on the jury's guilty verdict.

Appellant enumerates as error the trial court's failure to give three jury instructions, including an unrequested instruction on the defense of alibi. In its original brief, the State summarily conceded that the failure to give the unrequested charge on alibi was reversible error and declined to address the merits of appellant's two remaining enumerations of error. However, appellant's two remaining enumerations of error related to the jury charge and were, therefore, obviously likely to recur at the retrial that the State had otherwise conceded was mandated. Accordingly, this court ordered the State to file a supplemental brief addressing those two remaining enumerations. In neither its original nor its supplemental brief did the State ever apprise the court that the right to enumerate *any* error in the trial court's jury charge had clearly been waived by appellant. "In order to avoid waiver, if[, as here,] the trial court inquires if there are objections to the charge, counsel must state his objections or follow the procedure . . . of reserving the right to object on motion for new trial or on appeal. Here defense counsel neither objected nor reserved the right to later object, and under such circumstances, the defendant has

waived the right to raise the issue [of error in the charge] on appeal." *Jackson v. State*, 246 Ga. 459, 460 (271 SE2d 855) (1980).

Moreover, even absent waiver, none of appellant's enumerations would have merit. Contrary to the State's summary concession, it was clearly *not* error to fail to give an unrequested charge on alibi. *Rivers v. State*, 250 Ga. 288, 299 (8) (298 SE2d 10) (1982); *Thomas v. State*, 176 Ga. App. 53, 55 (4) (335 SE2d 135) (1985); *Johnson v. State*, 174 Ga. App. 751, 752 (2) (330 SE2d 925) (1985). The circumstances of this case did not demand a finding that any of the State's witnesses wilfully and knowingly testified falsely and it was, therefore, not error to fail to give an unrequested charge on OCGA § 24-9-85 (b). *Fugitt v. State*, 256 Ga. 292, 298 (6) (348 SE2d 451) (1986); *Warnock v. State*, 195 Ga. App. 537, 538 (1) (394 SE2d 382) (1990). Likewise, it was not error to fail to give an unrequested charge on impeachment. *Kelly v. State*, 189 Ga. App. 67 (2) (375 SE2d 81) (1988).

Accordingly, notwithstanding the State's summary concession regarding the failure to give the unrequested charge on alibi, it is clear that the trial court did not err and that appellant's judgment of conviction must be affirmed.

*Judgment affirmed. Pope and Johnson, JJ., concur.*

DECIDED SEPTEMBER 8, 1992 —
RECONSIDERATION DENIED SEPTEMBER 23, 1992 —

*L. David Wolfe & Associates, Susan E. Teaster*, for appellant.
*Gerald N. Blaney, Jr., Solicitor, David M. Fuller, Assistant Solicitor*, for appellee.