## A94A0454. SMITH v. THE STATE.
### (444 SE2d 146)

McMurray, Presiding Judge.

Defendant Smith and co-defendants Broomfield and Johnson were indicted in two counts for felony murder and murder. The State presented evidence at a joint jury trial that defendant Smith struck the victim in the head with a board during a violent multi-party brawl. The State also presented evidence that co-defendant Broomfield fatally wounded the victim during the brawl by striking the victim in the head with a baseball bat. Before completion of its case, however, the State moved to dismiss (nolle prosequi) the charges against co-defendant Johnson based on lack of evidence. The trial court granted this motion over objection asserted on behalf of co-defendant Broomfield.

The jury found co-defendant Broomfield guilty of malice murder and defendant Smith guilty of the lesser included offense of aggravated assault. Defendant Smith and co-defendant Broomfield filed separate appeals to the Supreme Court of the State of Georgia after the denial of separate motions for new trial. The Supreme Court transferred defendant Smith's appeal to the Court of Appeals. *Held*:

1. In his first two enumerations, defendant Smith contends the trial court erred in denying his motion for mistrial and overruling his objection to the State's motion to dismiss (nolle prosequi) the charges against co-defendant Johnson.

"Failure to object at trial constitutes waiver, and there is nothing for the appellate court to review. *Pulliam v. State*, 236 Ga. 460 (224 SE2d 8) (1976), cert. denied 428 U. S. 911, reh. denied 429 U. S. 874; *Hill v. State*, 183 Ga. App. 654 (360 SE2d 4) (1987); *Williams v. State*, 183 Ga. App. 373 (358 SE2d 914) (1987)." *Millines v. State*, 188 Ga. App. 655, 657 (3) (373 SE2d 838). The trial transcript in the case sub judice reveals that defendant Smith failed to join with co-defendant Broomfield in objecting to the State's motion to dismiss (nolle prosequi) the charges against co-defendant Johnson. Further, there is no indication in the trial transcript that co-defendant Smith asserted a motion for mistrial either before or after the trial court granted the State's motion to dismiss (nolle prosequi) the charges

against co-defendant Johnson. In fact, counsel for defendant Smith twice stated, "Nothing, Your Honor," in response to invitations by the trial court to respond to the State's motion to dismiss (nolle prosequi) and the trial court's ruling on said motion.[1] Under these circumstances, enumerations of error 1 and 2 present nothing for review.

2. Defendant challenges the sufficiency of the evidence in his third enumeration. This contention is without merit. Eyewitness testimony that defendant hit the victim in the head with a board is sufficient to authorize the jury's finding that defendant Smith is guilty, beyond a reasonable doubt, of the lesser included offense of aggravated assault. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *McCloud v. State*, 210 Ga. App. 69 (435 SE2d 281).

*Judgment affirmed. Pope, C. J., and Smith, J., concur.*

DECIDED MAY 11, 1994.

*Stein & Cauthen, James E. Stein*, for appellant.

*W. Glenn Thomas, Jr.*, District Attorney, *C. Keith Higgins*, Assistant District Attorney, for appellee.

---

[1] The record reveals that defendant Smith only joined in a request on behalf of co-defendant Broomfield for remedial jury instructions to diminish any prejudice injected as a result of the departure of co-defendant Johnson from the case.