A01A0898. THE STATE v. HEGGS.

(558 SE2d 41)

BLACKBURN, Chief Judge.

Under a single count indictment, Johnny Sim Heggs was tried for forcible rape but was found guilty of child molestation. As the result of trial error, this Court reversed Heggs's conviction for child molestation. *Heggs v. State.*[1] Thereafter, Heggs filed a plea in bar of double jeopardy, claiming that he could not be retried for rape. When the trial court granted his plea in bar, the State filed this appeal. Because we find that a new trial was not precluded by double jeopardy, we reverse.

The appellate standard of review of a grant of a plea in bar of double jeopardy is whether the trial court's findings support its conclusion that the bar should be applied. *State v. D'Auria.*[2] Here, we find that they do not. "The primary purpose of the Double Jeopardy Clause is to prohibit the retrial of a criminal defendant where, at the initial trial, the prosecution failed to introduce sufficient evidence to sustain a conviction. Retrial generally is not prohibited where reversal is due to trial error rather than the sufficiency of the evidence." (Footnote omitted.) *Williams v. State.*[3] Without question, Heggs's conviction was reversed due to trial error and not as the result of insufficient evidence. *Heggs*, supra at 356 (1), (3).

Heggs was tried for rape under a single count indictment. Nothing on the face of the indictment disclosed the age of the female victim. At trial, in his own defense, Heggs admitted that he and the victim engaged in intercourse but testified that the sexual activity was consensual. Reversible error occurred when the trial court sua sponte incorrectly charged the jury, over defense objection, on child molestation as a lesser included offense of the indicted offense of rape. *Heggs*, supra at 354-355. Because the indictment under which Heggs was being tried did not allege that the victim was under the age of 16, an essential element of the offense of child molestation, we held that "due process will not allow the conviction for child molestation to stand." Id. at 356 (1). In reversing Heggs's conviction, we explicitly rejected his challenge to the sufficiency of the evidence. Id. at 356 (3).

---

[1] *Heggs v. State*, 246 Ga. App. 354 (540 SE2d 643) (2000).
[2] *State v. D'Auria*, 222 Ga. App. 615, 616 (475 SE2d 678) (1996).
[3] *Williams v. State*, 268 Ga. 488, 489 (491 SE2d 377) (1997).

Notwithstanding his prior effort to gain a new trial, Heggs now contends that he cannot be retried for rape because his conviction for child molestation was tantamount to an acquittal on the offense of rape. Heggs claims that under OCGA § 16-1-8, his conviction for "an unindicted, non-lesser included charge of child molestation" necessarily forecloses a retrial on the greater offense.

OCGA § 16-1-8 (d), however, does not bar a subsequent prosecution when a conviction is set aside, " 'unless the accused was thereby adjudged not guilty or unless there was a finding that the evidence did not authorize the verdict.' " *Rowe v. State*.[4] But here, the jury improperly considered the offense of child molestation since as a matter of law and under the facts in the case, child molestation was not a lesser included offense of the rape charge as indicted. Instead, it was a separate crime and not a lesser included offense, notwithstanding the trial court's erroneous and misleading instruction to the contrary. See id. at 495 (2). In light of this error, we cannot say that Heggs was impliedly acquitted of rape. See id.

Further prosecution is not barred "if subsequent proceedings resulted in the invalidation, setting aside, reversal, or vacating of the conviction, unless the accused was thereby adjudged not guilty or unless there was a finding that the evidence did not authorize the verdict. [Cit.]" (Punctuation omitted.) *Daniels v. State*.[5] While Heggs argues that his conviction on child molestation was tantamount to an acquittal for rape, even a conviction on a lesser included offense does not necessarily foreclose a retrial on the greater offense. *Potts v. State*.[6] In *Potts*, supra, the Supreme Court held that notwithstanding his conviction for kidnapping, Potts could be retried for kidnapping with bodily injury, the greater offense. Id. at 434 (5). In so deciding, the Supreme Court held that retrial on the greater offense was not barred unless two prerequisites were established: (1) an unambiguous conviction on the lesser included offense and (2) a full opportunity for the jury to consider the greater offense. Id. at 433-434. Here, these two requirements were not met.

Heggs's reliance upon *Ezzard v. State*[7] and *Cross v. State*[8] and similar cases is misguided. In *Ezzard v. State*, the defendant was indicted for forging a deed and uttering the forged paper as true with fraudulent intent. A verdict was entered for " 'uttering and publishing said deed,' " id. at 30, hn. 1, conduct that was not criminal, resulting in a judgment of conviction "void on its face," id. at 30, hn. 3, and

---

[4] *Rowe v. State*, 181 Ga. App. 492, 494 (2) (352 SE2d 813) (1987).

[5] *Daniels v. State*, 165 Ga. App. 397, 398 (1) (299 SE2d 746) (1983).

[6] *Potts v. State*, 258 Ga. 430 (369 SE2d 746) (1988).

[7] *Ezzard v. State*, 11 Ga. App. 30 (74 SE 551) (1912).

[8] *Cross v. State*, 124 Ga. App. 152, 153 (2) (183 SE2d 93) (1971).

that "in legal contemplation amounted to an acquittal of the offense charged in the indictment." Id. at 31 (1). Similarly, in *Cross v. State*, supra at 153 (2), a void verdict was entered. Although tried under an indictment for larceny, Cross was convicted of conspiracy, which at the time had not as yet been codified as a crime. These cases stand for the legal principle that a conviction for a nonexistent crime is a nullity. See *Douglas v. State*[9] (defendant was indicted for trafficking in cocaine but was convicted of "intent to traffick in cocaine," a nonexistent offense).

The rule applicable to this case is as follows: "[W]here the verdict is not absolutely void and the defendant moves for and is granted a new trial, a plea of former jeopardy will not lie. A defendant waives the right to plead former jeopardy when he secures a new trial through his own efforts." *Patterson v. State*.[10] Notwithstanding Heggs's arguments to the contrary,

> reversal for trial error, as distinguished from evidentiary insufficiency, does not constitute a decision to the effect that the government has failed to prove its case. As such, it implies nothing with respect to the guilt or innocence of the defendant. Rather, it is a determination that a defendant has been convicted through a judicial process which is defective in some way.

(Punctuation omitted.) *Jones v. State*.[11] And, when the judicial process is defective in some fundamental respect such as incorrect jury instructions, "the accused has a strong interest in obtaining a fair readjudication of his guilt free from error, just as society maintains a valid concern for insuring that the guilty are punished." (Punctuation omitted.) *Price v. State*.[12] Since the reversal of the child molestation conviction was predicated on trial error and was not due to a lack of evidence, the retrial of Heggs for the indicted offense of rape is not barred. The trial court erred in finding otherwise. See *Weems v. State*.[13]

*Judgment reversed. Pope, P. J., and Mikell, J., concur.*

DECIDED NOVEMBER 20, 2001 —
RECONSIDERATION DENIED DECEMBER 13, 2001.

---

[9] *Douglas v. State*, 206 Ga. App. 740, 742 (1) (426 SE2d 628) (1992).
[10] *Patterson v. State*, 162 Ga. App. 455, 456 (291 SE2d 567) (1982).
[11] *Jones v. State*, 272 Ga. 900, 905 (4) (537 SE2d 80) (2000).
[12] *Price v. State*, 187 Ga. App. 239, 240 (370 SE2d 6) (1988).
[13] *Weems v. State*, 268 Ga. 142, 143 (2) (485 SE2d 767) (1997).

*Daniel J. Craig, District Attorney, Charles R. Sheppard, Kristina G. Connell, Assistant District Attorneys,* for appellant.
*Paul W. David,* for appellee.