## A01A2266. WILLIAMS v. THE STATE.
### (557 SE2d 473)

RUFFIN, Judge.

A jury found Russell Williams guilty of obstruction of an officer, and the trial court sentenced him to 12 months probation, fined him, and required him to perform 120 hours of community service. Williams appealed his conviction, which this Court affirmed. Williams was then scheduled to report to his probation officer, but he failed to do so and was arrested. Following his release from jail, Williams filed multiple motions, including a motion to discharge him from probation. The trial court denied Williams' motion, and this appeal ensued. For reasons that follow, we affirm.

"The burden is on him who asserts error to show it affirmatively by the record, and this cannot be done by evidentiary assertions in enumerations and briefs."[1] Moreover, "where the proof necessary for determination of the issues on appeal is omitted from the record, the appellate court must assume that the judgment below was correct and affirm."[2] Here, Williams provides both a transcript of a hearing and an abbreviated record. We note, however, that no testimony was elicited during the hearing. And, although Williams cites the record to support certain factual assertions, the record consists largely of documents that cannot be used to support such assertions.[3] Accordingly, many of Williams' factual assertions are unsupported by the record. Nevertheless, where "facts . . . necessary for disposition are stated in [a] brief, and the State concedes such statement is substantially correct, we are permitted to reach a decision upon the agreed upon facts."[4]

The relevant facts, as agreed to by the parties and/or as demonstrated by the record, show that during the pendency of Williams'

---

[1] (Citations and punctuation omitted.) *Holzmeister v. State*, 156 Ga. App. 94 (1) (274 SE2d 109) (1980).

[2] *Transport Indem. Co. v. Hartford Ins. Co.*, 198 Ga. App. 265, 266 (401 SE2d 294) (1990).

[3] See *Jones v. State*, 273 Ga. 231, 236 (9) (539 SE2d 154) (2000) (unsworn letter inadmissible hearsay); *Hipple v. Simpson Paper Co.*, 234 Ga. App. 516, 519 (5) (507 SE2d 156) (1998) (this Court cannot consider allegations of fact found in a party's pleadings that are not admitted by the opposing party).

[4] *Holzmeister*, supra.

original appeal, he kept in contact with his probation officer. After this Court affirmed Williams' conviction, he was required to begin his sentence of probation. Williams did not appear as required, and his probation officer swore out an arrest warrant on January 10, 2001. Williams subsequently was arrested and spent five days in jail.

According to Williams, he then filed several motions, including motions to "(1) credit 120 hours as time served, (2) reimburse [him] . . . for earnings and freedom lost during the 5 days of illegal incarceration, and (3) to dismiss [him] from probation as [he] had already reported to [the] probation officer for twelve months as required." The record, however, contains only Williams' motion to discharge him from probation, which the trial court denied.[5] Williams then filed this appeal, asserting multiple enumerations of error. We address each in turn.

1. Williams contends that he was wrongfully arrested in January 2001, arguing that the trial court erred in issuing the arrest warrant. On January 3, 2001, the trial court entered an order directing Williams to attend a hearing on February 14, 2001, "to show cause . . . why he should not start serving his sentence." Thus, Williams reasons, his sentence could not start until after this date and any arrest beforehand was invalid. Nonetheless, the trial court issued an arrest warrant on January 10, 2001, based upon Williams' failure to report to his probation officer on January 9, 2001. According to Williams, the arrest warrant was signed "in violation" of the trial court's prior order.

Williams provides no legal authority to support his reasoning, and the law does not support his theory. Rather, as Williams was not incarcerated during the pendency of his appeal, the earliest his sentence could begin was the date the remittitur of the appellate court was made the judgment of the court, which was December 26, 2000.[6] Thus, Williams could be required to report to his probation officer after this date. It follows that Williams was subject to arrest for failure to do so.[7] The fact that a subsequent hearing was scheduled to address Williams' sentence does not demand a different result.

2. Williams also argues that the trial court violated due process by requiring him to appear in court on February 1, 2001. Evidently, the February 1 hearing was scheduled to address a petition filed by

---

[5] The record also contains Williams' motion to reinstate his driver's license, which the trial court dismissed for lack of jurisdiction. As Williams has not asserted this ruling as error, we do not reach this issue on appeal.

[6] See *Serpentfoot v. State*, 241 Ga. App. 35, 36-37 (2) (524 SE2d 516) (1999) (quoting *Huff v. McLarty*, 241 Ga. 442 (246 SE2d 302) (1978)).

[7] See OCGA § 42-8-38 (a) ("Whenever, within the period of probation, a probation supervisor believes that a probationer under his supervision has violated his probation in a material respect, he may arrest the probationer.").

Williams' probation officer to modify or revoke Williams' probation. Again, Williams provides no legal authority as to why such hearing violates due process, and we find none. To the contrary, due process requires such hearing.[8]

3. According to Williams, the trial court erred in failing to credit the five days he spent in jail against the 120 hours of community service he was ordered to serve. Under OCGA § 17-10-11 (a), a person is entitled to full credit for time "in confinement awaiting trial and for each day spent in confinement, in connection with and resulting from a court order entered in the criminal proceedings for which sentence was imposed." Here, however, Williams was in jail while awaiting a probation revocation hearing. Thus, OCGA § 17-10-11 (a) does not apply, and Williams was not entitled to "credit" for time served.[9]

Nonetheless, we recognize that time spent in jail awaiting a probation revocation hearing cannot be used to expand the original sentence.[10] And, where a probationer spends time in jail awaiting such hearing, any time served is "deducted from and considered a part of the time he was originally sentenced to serve."[11] In this case, Williams does not argue that his time in jail increased his sentence. Rather, he asserts that, because he spent time in jail, the trial court was required to excuse him from community service. This, however, is not the law.[12] It follows that this enumeration of error presents no basis for reversal.

4. Williams contends that he was "denied restitution for loss of earnings and freedom due to the court's error which resulted in [his] illegal incarceration." As discussed above, however, Williams' incarceration was valid. Moreover, Williams has not shown that he raised the restitution argument before the trial court, and it is well established that this Court will not address an enumeration of error raised for the first time on appeal.[13]

5. In his final enumeration of error, Williams argues that the requirement that he serve his probation sentence places him in double jeopardy. According to Williams, he already served his sentence because he was required to report to his probation officer while his appeal was pending in this Court. The record reflects that, prior to December 26, 2000 — the starting date for Williams' sentence — he met with his probation officer four times and spoke with him on the phone five times. During the hearing on Williams' motion to dis-

---

[8] See *Smith v. Nichols*, 270 Ga. 550, 554-555 (2) (b) (512 SE2d 279) (1999).

[9] See *Dickey v. State*, 157 Ga. App. 13, 14-15 (2) (276 SE2d 75) (1981); *Penney v. State*, 157 Ga. App. 737, 739 (4) (278 SE2d 460) (1981).

[10] See *Dickey*, supra.

[11] (Punctuation omitted.) Id. at 15 (2).

[12] Id.

[13] See *Shaw v. State*, 247 Ga. App. 867, 869 (1) (545 SE2d 399) (2001).

charge him from probation, the State argued that Williams was not on probation during that time, but merely kept the probation officer "apprised of his whereabouts during the pendency of the appeal."

As mentioned above, Williams bears the burden of demonstrating error affirmatively by the record.[14] Arguably, Williams has failed to do so. Although subpoenaed to the hearing, the probation officer did not attend. The trial court explained, on the record, that it excused the officer from attending the hearing because "he was under subpoena to another [c]ourt." Upon learning that the probation officer was not present, Williams responded, "that's fine." Williams did not ask for a continuance and chose to proceed with the hearing. Thus, there was no testimony from the probation officer as to whether Williams was required to comply with various terms and conditions of probation, such as remaining within the jurisdiction.[15] And the record shows that Williams did not pay his fines during this time, which suggests that he did not believe that he was serving his sentence.[16]

The only competent evidence that Williams was on probation demonstrates that Williams remained in contact with his probation officer while his original appeal was pending in this Court. The State's explanation for this — that the officer was merely keeping track of Williams' whereabouts — is somewhat plausible. Under these circumstances, we lack sufficient evidence to conclude that Williams was on probation, in which case we assume the judgment below was correct and affirm.[17]

Moreover, it appears from the record that the trial court did give Williams credit for having met with his probation officer prior to the start of his sentence. Although the trial court required Williams to complete his community service and to pay his fines, it terminated his supervised probation. It follows that this enumeration of error presents no basis for reversal.

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

DECIDED DECEMBER 13, 2001.

Russell Williams, *pro se.*
*Richard H. Taylor, Solicitor-General*, for appellee.

---

[14] See *Holzmeister*, supra.
[15] See OCGA § 42-8-35.
[16] See OCGA § 42-8-34.1 (f).
[17] See *Transport Indem. Co.*, supra.