## A04A0362. COLLINS v. THE STATE.
(601 SE2d 111)

ELDRIDGE, Judge.

A Chattooga County jury found Walter Rex Collins guilty of aggravated child molestation, sexual battery, and three counts of child molestation for acts Collins perpetrated against his eight-year-old daughter; the jury acquitted him on one count of aggravated sodomy. Without challenging the sufficiency of the evidence against him, Collins appeals and claims that there was error in the indictment upon which he was tried; that his prosecution on the aggravated child molestation charge was barred by double jeopardy and was otherwise inconsistent with his acquittal on aggravated sodomy; and that the trial court erred by failing to remove a juror who was not a Chattooga County resident. Upon review of these contentions, we find them meritless and affirm Collins' conviction.

---

1. Collins first contends the trial court erred in allowing the trial to proceed on an indictment (a) that was altered without action from the grand jury, and (b) which contained counts that had been severed "without judicial process." These contentions have no merit.

During the 1996 February term, the Chattooga County Grand Jury returned a ten-count indictment against Collins, charging him with four counts of child molestation, three counts of aggravated sodomy, two counts of aggravated child molestation, and one count of aggravated sexual battery. Sometime in 1996, the State apparently chose to go to trial on only six counts of the original indictment. Four counts were abandoned, and the indictment was redacted to reflect this decision.[1] The allegations in the remaining counts were unaltered, staying precisely as they had been when returned by the grand jury.[2]

The case proceeded to trial on the redacted indictment in April 1996. The record of that trial is not before this Court and thus the record on this issue is incomplete. The record before us shows no objection to the abandonment of the counts or to proceeding on the redacted indictment. The record does not contain a demurrer to the indictment, general or special. In his first trial, the jury found Collins guilty of aggravated sodomy, attempted aggravated child molestation, aggravated sexual battery, and three counts of child molestation. No motion in arrest of judgment was filed. A motion for new trial was apparently filed, but a transcript of the hearing on the motion for new trial is not included in the instant record. Because of an alleged error in the trial court's charge to the jury on aggravated child molestation, the trial court granted Collins' motion for new trial.

In February 1997, Collins was retried on the same redacted six-count indictment (his conviction on which is currently under appeal). Prior to evidence, the State reminded the trial court that several of the charges in the original indictment "have been omitted and removed. We proceeded under that indictment previously." The record contains no objection to this second proceeding on the redacted indictment without the abandoned counts. No demurrer to the indictment was filed before or during the second trial. No arrest of judgment was filed after.

Here, Collins has been tried twice on the redacted, six-count indictment about which he now complains. He has had opportunity during two pre-trial periods, two trials, and an earlier motion for new

---

[1] See, e.g., *Willingham v. State*, 262 Ga. 324 (418 SE2d 25) (1992) (State abandoned felony murder count of indictment during trial and proceeded on remaining four counts).

[2] Compare *Ingram v. State*, 211 Ga. App. 252, 253 (1) (438 SE2d 708) (1993) (the *allegations* contained in the counts of an indictment cannot be materially altered by striking from them or adding to them).

trial to raise the complaints he now makes. He did not do so. We find that Collins has failed to preserve his claim that the State's abandonment of the four counts of the original indictment was not properly accomplished.[3] His failure to register any objection to the abandonment of the counts and redaction of the indictment — as well as his acquiescence to not one, but two trials on such indictment — require a reiteration of the principle that, "One cannot complain on appeal of a result that he procured or which his own conduct or procedure aided in causing."[4] Further, any complaint about the indictment itself is not properly before us because Collins failed to object to the indictment in any manner before or during either of his two trials and did not move to arrest the judgment after his conviction.[5]

Finally, in light of Collins' repeated failure to object or to register any protest about proceeding to trial on the six-count indictment, we decline his invitation to assume error in the abandonment of the four counts simply through the absence of documentary evidence about how/why/when the four counts were abandoned; indeed, under the limited record before us, abandonment of the counts and redaction of the indictment could have occurred by agreement of the parties and with the approval of the trial court, Collins' contrary assertions notwithstanding. "On appeal, [Collins] has the burden to affirmatively show asserted error by the record. Having failed to demonstrate support in the record for this enumeration, we find no error."[6]

2. The jury's verdict from the first trial is included in the record before us, and therein Collins was found guilty of the lesser included offense of attempted aggravated child molestation under Count 2 of the indictment, which had charged Collins with the greater offense of aggravated child molestation. Collins was granted a new trial because of an error in the trial court's charge to the jury on aggravated child molestation, as Collins acknowledges by brief.

Thereafter, upon retrial and without objection, the State prosecuted Collins on the same six-count indictment, inclusive of Count 2, aggravated child molestation; in this second trial, he was found guilty of such offense. Collins now argues that prosecution on the aggravated child molestation offense was barred by double jeopardy, since the jury verdict finding him guilty of the lesser included offense of attempt constituted an implicit acquittal on the greater offense. By

---

[3] See *Smith v. State*, 213 Ga. App. 207, 208 (1) (444 SE2d 146) (1994) (objection must be registered to dismissal or nolle prosse of counts in order to complain on appeal).

[4] (Citations omitted.) *Morgan v. State*, 204 Ga. App. 178, 181 (1) (c) (419 SE2d 313) (1992).

[5] *McKay v. State*, 234 Ga. App. 556, 560 (2) (507 SE2d 484) (1998).

[6] (Citation, punctuation and footnote omitted.) *Robinson v. State*, 246 Ga. App. 576, 582 (7) (541 SE2d 660) (2000).

brief, the State concedes this issue. But "[t]he State cannot concede error where there is none. [Cits.] This court must determine for itself whether error exists."[7] And we will not interfere with a jury's verdict absent error. Under the specific circumstances presented here, we disagree that Collins' retrial on aggravated child molestation was barred.

[A] conviction on a lesser included offense does not necessarily foreclose a retrial on the greater offense. *Potts v. State*[, 258 Ga. 430, 431-434 (5) (369 SE2d 746) (1988)]. In *Potts*, supra, the Supreme Court held that notwithstanding his conviction for kidnapping, Potts could be retried for kidnapping with bodily injury, the greater offense. *Potts*, supra at 434 (5). In so deciding, the Supreme Court held that retrial on the greater offense was not barred unless two prerequisites were established: (1) an unambiguous conviction on the lesser included offense and (2) a full opportunity for the jury to consider the greater offense. *Potts*, supra at 433-434.[8]

In this case, on the record before us, we are unable to determine whether Collins' first conviction on the lesser offense of attempted aggravated child molestation was "unambiguous" and/or whether the jury had a "full opportunity" to consider the greater offense of aggravated child molestation. As noted in Division 1, supra, the trial court's charge to the jury in the first trial is not before us, and the transcript of the evidence in the first trial is not before us. More importantly, it is not disputed that, in the first trial, the court's charge to the jury on the greater offense of aggravated child molestation was error to the extent that a new trial was required. A jury verdict returned on an instruction sufficiently erroneous so as to demand retrial cannot be deemed an "unambiguous" verdict. "In light of this error, we cannot say that [Collins] was impliedly acquitted of [aggravated child molestation]."[9]

Further, and notably, Collins did not object to retrial on the aggravated child molestation offense, and no plea in bar was ever filed with regard thereto; the failure to file a written plea in bar before a second trial operates as a waiver of a subsequent challenge on

---

[7] *Brown v. State*, 264 Ga. 803, 807 (450 SE2d 821) (1994) (Carley, J., concurring specially); *Busbee v. State*, 205 Ga. App. 533, 534 (423 SE2d 3) (1992); *Shaw v. State*, 211 Ga. App. 647, 649 (2) (440 SE2d 245) (1994).

[8] (Footnote omitted.) *State v. Heggs*, 252 Ga. App. 865, 866 (558 SE2d 41) (2001).

[9] (Citation omitted.) Id.; *Potts v. State*, supra at 433-434; *Daniels v. State*, 165 Ga. App. 397, 398 (1) (299 SE2d 746) (1983). See also *Weems v. State*, 268 Ga. 142, 143 (2) (485 SE2d 767) (1997).

procedural double jeopardy grounds.[10] Moreover, the record contains no motion for new trial raising the instant issue, and there is nothing in the record to show that the trial court ever ruled on it. Under the totality of the circumstances presented here, we find that Collins has failed to demonstrate a basis for reversal on the procedural double jeopardy ground now urged. "The burden is on him who asserts error to show it affirmatively by the record."[11]

Under this same enumeration of error, Collins also claims his acquittal on the offense of aggravated sodomy as charged in Count 1 of the indictment is factually inconsistent with any verdict relating to the offense of aggravated child molestation as charged in Count 2, because the same sexual act supported both offenses. However,

> Georgia does not recognize an inconsistent verdict rule, which would permit a defendant to challenge the factual findings underlying a guilty verdict on one count as inconsistent with the findings underlying a not guilty verdict on a different count. A conviction on one count and acquittal on another related count may reflect a compromise or lenity by the jury rather than inconsistent factual conclusions, and Georgia courts generally will not look behind the jury's decision to convict on certain counts and acquit on other counts. Therefore, [Collins'] enumeration is without merit.[12]

3. We likewise find no merit in Collins' final claim of error that reversal is required because a juror failed to answer honestly that she was not a resident of Chattooga County. Collins cites to no portion of the record in support of his factual contention that a juror was a nonresident of the county or that a dishonest answer was given by such juror in response to a question about residency. Collins states only that such fact "came to the attention of Appellant." Nor does it appear that the instant contention was raised prior to the verdict and ruled on by the trial court. In that regard,

> An objection that one of the jurors who tried the case was a non-resident of the county at the time of the trial, being

---

[10] See *Gilstrap v. State*, 256 Ga. 20, 22 (6) (342 SE2d 667) (1986), overruled on other grounds, *Matthews v. State*, 268 Ga. 798, 803 (4) (493 SE2d 136) (1997); accord *McCormick v. Gearinger*, 253 Ga. 531, 534 (3) (322 SE2d 716) (1984). See generally *McClure v. State*, 179 Ga. App. 245, 246 (1) (345 SE2d 922) (1986) (procedural bar against double jeopardy precludes successive *prosecutions* for the same offense; substantive bar against double jeopardy precludes successive *punishments* for the same offense).

[11] (Citation and punctuation omitted.) *Kemp v. State*, 226 Ga. 506, 507 (2) (175 SE2d 869) (1970).

[12] (Footnotes omitted.) *Hines v. State*, 276 Ga. 491, 492 (2) (578 SE2d 868) (2003).

propter defectum, comes too late after verdict. This is true even though it appears that the movant did not know of such fact until after the verdict.[13]

*Judgment affirmed. Andrews, P. J., Johnson, P. J., Ellington and Adams, JJ., concur. Ruffin, P. J., and Miller, J., concur in part and dissent in part.*

RUFFIN, Presiding Judge, concurring in part and dissenting in part.

Because I disagree with the legal analysis in Division 2, I dissent from this division.

The rule against double jeopardy is fundamental to our system of justice. It is a simple and concise rule, which "basically provides that no person shall be put in jeopardy of life or liberty more than once for the same offense."[14] Under this rule, if a defendant is tried for the greater offense, but convicted of a lesser included offense, retrial on the greater offense is generally barred.[15] This rule has subsequently been refined such that "retrial on the greater offense [is] not barred unless two prerequisites [are] established: (1) an unambiguous conviction on the lesser included offense and (2) a full opportunity for the jury to consider the greater offense."[16]

In this case, Collins contends that his retrial on the greater offense was barred by double jeopardy, and the State concedes Collins' contention. Despite the State's concession, the majority concludes that Collins' failure to include the record from the first trial constitutes waiver. This "cult-like" adherence to waiver is unwarranted and illogical in the circumstances of this case.

It is true that, as a general rule, "[t]he burden is on him who asserts error to show it affirmatively by the record."[17] As a corollary to this rule, however, this Court has held that "where facts necessary for disposition are stated in a brief, and the State concedes such statement is substantially correct, we are permitted to reach a decision upon the agreed . . . facts."[18] In other words, if the parties

---

[13] (Citations and punctuation omitted.) *Trammell v. State*, 183 Ga. 711, 715 (5) (189 SE 529) (1937); accord *State Hwy. Dept. v. Smith*, 117 Ga. App. 210, 211 (2) (160 SE2d 215) (1968).

[14] *Keener v. State*, 238 Ga. 7, 8 (230 SE2d 846) (1976).

[15] See *Price v. Georgia*, 398 U. S. 323, 327 (90 SC 1757, 26 LE2d 300) (1970); *Potts v. State*, 258 Ga. 430, 431 (1) (369 SE2d 746) (1988) ("jeopardy for an offense ends after a jury convicts a defendant of a lesser-included offense, if the court has given the jury a full opportunity to return a verdict on the greater offense and no extraordinary circumstances have prevented the jury from doing so").

[16] *State v. Heggs*, 252 Ga. App. 865, 866 (558 SE2d 41) (2001).

[17] (Punctuation omitted.) *Holzmeister v. State*, 156 Ga. App. 94 (1) (274 SE2d 109) (1980).

[18] (Punctuation omitted.) *Williams v. State*, 253 Ga. App. 10 (557 SE2d 473) (2001); see also

agree on the facts, as stated, we accept such agreement. Here, by agreeing that Collins' retrial on the greater offense was barred by double jeopardy, the State essentially concedes that the record from the prior trial supports his argument. Under existing precedent, I believe we must accept the State's concession. Indeed, to hold otherwise seems fundamentally unfair; it permits the meaningless to trump the meaningful and the technical to trump the substantive.

The cases the majority cites to support its position that the State cannot concede error where none exists are inapposite. In the first case, the principle was enunciated in a special concurrence and did not factor into the majority analysis.[19] In the other two cases, the lack of legal error was apparent from the record and thus this Court upheld the ruling of the trial court notwithstanding the State's concession.[20] None of those cases is analogous to the case at bar, in which we ignore the State's concession only to conclude that the lack of evidence results in waiver. And I do not agree that we should read the cases cited by the majority as supporting such orchestrated waiver. For these reasons, I dissent as to Division 2, but I concur with the remaining divisions.

I am authorized to state that Judge Miller joins in this special concurrence and dissent.

DECIDED APRIL 8, 2004.

*Cook & Connelly, Rex B. Abernathy*, for appellant.
*Herbert E. Franklin, Jr., District Attorney, Michael J. Moeller, Assistant District Attorney*, for appellee.

---

*Keith v. State*, 218 Ga. App. 729 (1) (463 SE2d 51) (1995); *Holzmeister*, supra.

[19] See *Brown v. State*, 264 Ga. 803, 807 (450 SE2d 821) (1994).

[20] See *Busbee v. State*, 205 Ga. App. 533, 534 (423 SE2d 3) (1992) (although State conceded that trial court erred in failing to instruct jury, record demonstrated that defendant waived such error); *Shaw v. State*, 211 Ga. App. 647, 649 (440 SE2d 245) (1994) (this Court addressed ineffective assistance claim notwithstanding the fact that the State arguably conceded that trial counsel's conduct was unprofessional).