**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**GOBEIL and LAND, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**September 2, 2022**

# In the Court of Appeals of Georgia

A22A1020. MANOR v. THE STATE.

McFADDEN, Presiding Judge.

After a jury trial, Martel Manor was convicted of possession of marijuana with intent to distribute, possession of oxycodone, fleeing or attempting to elude a police officer, and reckless driving. Manor appeals, enumerating that the trial court committed plain error in admitting test results of the alleged marijuana because the state failed to establish a chain of custody of the substance tested and that his trial counsel was ineffective in failing to raise such a chain of custody objection. The state concedes reversible error as to both of Manor's enumerations, acknowledging that it failed to prove a chain of custody of the alleged marijuana and that Manor's trial counsel was ineffective in not raising a chain of custody objection. We agree with the state's concession of error as to the first enumeration, so we reverse Manor's

marijuana conviction on that basis, and we therefore need not reach the additional claim of ineffective assistance of counsel. We also do not consider Manor's other convictions since they have not been addressed on appeal.

Although the state has conceded error, this court still must determine for itself whether error exists. *Collins v. State*, 266 Ga. App. 871, 874 (2) (601 SE2d 111) (2004). With regard to Manor's first enumeration, we agree that the trial court erred in admitting the test results of the alleged marijuana absent proof of a chain of custody.

> To establish the chain of custody of a fungible substance like [marijuana], the [s]tate must establish the identity and integrity of the [substance]. The proponent must show that the [substance] tested at the crime lab, for example, is the same as that seized from the accused. The proponent also must show that the drugs . . . were neither tampered with nor corrupted during their travels from crime scene to evidence room to laboratory to courtroom. Proving the chain of custody for fungible evidence means accounting for the safekeeping and transportation of the evidence from seizure to trial.

*Phillips v. Williams*, 276 Ga. 691, 691-692 (583 SE2d 4) (2003) (citations and punctuation omitted).

In this case, the state failed to establish a chain of custody accounting for the safekeeping and transport of the alleged marijuana sample that was tested. "Since the suspected marijuana . . . [was a] fungible item[], i.e., [it was] not identifiable by [its]

own characteristic appearance, the test results were not admissible and had no probative value absent other evidence sufficient to show with reasonable certainty that the substance tested was the same as the substance seized." *Meeks v. State*, 150 Ga. App. 170, 171 (257 SE2d 27) (1979). Because the state has made no showing of such other evidence, "the results of the [marijuana] test [were] therefore inadmissible." *Warner v. State*, 277 Ga. App. 421, 423 (1) (626 SE2d 620) (2006), overruled in part on other grounds by *White v. State*, 305 Ga. 111, 118-119 (2) (823 SE2d 794) (2019). Compare *Horne v. State*, 318 Ga. App. 484, 487-488 (2) (733 SE2d 487) (2012) (chain of custody requirement for seized cocaine was satisfied where "the evidence showed with reasonable certainty that the substance tested was the same as that seized"). The trial court's admission of the evidence of the test results, which likely affected the outcome of the trial proceedings on the charge for possession of marijuana with intent to distribute, constituted plain error. See *Gates v. State*, 298 Ga. 324, 326-327 (3) (781 SE2d 772) (2016). We therefore reverse Manor's conviction on that marijuana charge.

*Judgment reversed in part. Gobeil and Land, JJ., concur*.